COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Beales
Argued at Salem, Virginia


COMMONWEALTH OF VIRGINIA

OPINION BY
v.        Record No. 0344-09-3                          JUDGE JAMES W. HALEY, JR.
                                                           DECEMBER 8, 2009

TODD NEEDHAM


FROM THE CIRCUIT COURT OF WISE COUNTY
Ford C. Quillen, Judge Designate

J. Michael Parsons, Assistant Attorney General (William C. Mims,
Attorney General, on briefs), for appellant.

(Daniel R. Bieger; Copeland & Bieger, P.C., on brief), for appellee.
Appellee submitting on brief.


I.  INTRODUCTION

Pursuant to the provisions of the State Grievance Procedure, Code § 2.2-3000 *et seq*., a

hearing officer sustained the termination of Todd Needham's employment as a guard at Wallens

Ridge State Prison.  The officer found as facts, supported by the preponderance of the evidence,

that Needham had violated two sections of the Virginia Department of Corrections Operating

Procedure.  Needham appealed to the circuit court, as provided by Code § 2.2-3006(B).[1]  That

code section authorizes a circuit court to determine, based on the administrative record, if the

hearing officer's decision "is contradictory to law."

The circuit court reversed the decision of the hearing officer and re-instated Needham

with back pay.  The Commonwealth maintains the circuit court erred (1) by employing an

---

[1] Needham did not pursue the appeal provisions of Code § 2.2-3006(A), which provide
for an administrative review of the hearing officer's decision by the Director of Human Resource
Management as to whether the decision is "consistent with policy."

incorrect standard of review, that contained in Code § 2.2-4027 of the Administrative Process Act,[2] and, in so doing, erroneously reweighing the evidence in the administrative record and erroneously reversing the findings of fact made by the hearing officer; and (2) thus erroneously determining the decision of the hearing officer was "contradictory to law." We agree as to both assignments of error. Accordingly, we reverse the circuit court and remand with directions to enter an order affirming the decision of the hearing officer.

## II. BACKGROUND

After receiving a notice of a "Group II" offense and a notice of a "Group III" offense, advising that the Department of Corrections considered him in violation of their procedures and terminated, Needham initiated an informal grievance procedure review by filing a form requesting a Second Resolution Step. He attached to the form a one-page Exhibit A. This Exhibit A is Needham's version of what happened on January 30, 2008. As will be seen, the circuit court relied on this Exhibit A in reaching its decision.

Needham wrote that the inmate "became belligerent . . . turned in a quick and aggressive manner and moved in a threatening manner toward the employee." Needham wrote that he "grabbed the inmate . . . [and] pushed the inmate back against the shower wall . . . . The employee was fearful of being head butted, kicked, spat upon or worse. The employee put him on the ground." In short, Needham maintained he acted in self-defense. This document was not under oath, nor its contents subject to cross-examination.

---

[2] Code § 2.2-4027 states in pertinent part: "Such issues of law include . . . (iv) the substantiality of the evidentiary support for findings of fact." It later continues: "[T]he duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did."

Following this step review meeting with an employee ombudsman, the reviewer wrote: "I feel you should have followed the established policy/procedure . . . [and] I have decided to uphold the Warden's decision of termination."[3]

Needham then requested a formal hearing before a hearing officer, in accordance with Code § 2.2-3004 of the State Grievance Procedure.

The transcript of that hearing contains the following pertinent evidence.

On January 30, 2008, Needham and another guard, Paul Middleton, were taking a prisoner to the shower room. The prisoner was in leg shackles and handcuffed behind his back. A heated breakfast cart arrived, and the prisoner asked if they could put his breakfast on the cart so it would be warm when he completed showering. He became angry when this request was denied. Nonetheless, he entered the shower, his shackles were removed, one hand released from the handcuff, and the shower door closed. A lanyard was placed on the handcuffs, leading out through an opening in the shower door, and was held by Middleton. When the prisoner continued cursing, Needham canceled the shower. The prisoner was directed to turn around, and he was re-cuffed behind his back. As Middleton testified before the hearing officer: "Needham opened the shower door . . . the inmate tried to step out . . . Needham shoved him back in the shower and took him to the back of the shower and put him on the ground." The inmate suffered cuts and bruises to his mouth and head, requiring stitches. Middleton further testified that the inmate's actions "wasn't no threat to me."

Needham did not dispute that the inmate was handcuffed behind his back without incident. He testified: "I was standing directly behind him, and he turned right . . . he was fast

---

[3] The Department of Corrections Operating Procedure designates three Groups, or types, of violations. A Group I offense is "least severe" but requires "correction." A Group II offense is "more severe in nature" and "an accumulation of two Group II offenses normally should warrant removal." A Group III offense is "of such a serious nature that a first occurrence normally should warrant removal."

. . . I took it as aggression . . . . From the time he turned towards me, and I put my hands on him, he resisted."

The core of Needham's testimony was that he acted in self-defense.

Code § 2.2-3005.1(C) requires the hearing officer's decision be in writing and "contain findings of facts as to the material issues." In his August 4, 2008 decision, the hearing officer found:

<u>APPLICABLE LAW AND OPINION</u>

              \*      \*      \*      \*      \*      \*      \*

> Department of Corrections Operating Procedures 420.1 IV B.4 and 5 requires written reports on incidents where force was used.

> Department of Correction Operating Procedure 420.1 IV, 2.c and 2.d lists as a "controlling factor" for the use of force "Any alternative available to control the situation without the use of force."

<u>DECISION</u>

> Virginia Department of Corrections Operating Procedure 420.1, IV B.4. "Failure of any employee to accurately and completely report any incident where force was used may result in disciplinary action." The Agency proved conclusively and by a preponderance of the evidence that Grievant did not comply with this policy. For this failure alone, the Group II notice is sustained. . . .

> The Agency proved conclusively and by a preponderance of the evidence that when the inmate became disruptive, as an alternative to the use of force (Operating Procedure 420.1 IV c.2.d). Grievant [sic] . . . should have left the inmate locked in the shower and called for assistance instead of unlocking the door to deal with the inmate. Since the inmate was confined, all the Grievant had to do was leave the inmate locked in the shower room and call for assistance. Instead, he unlocked the shower room door and engaged the inmate . . . . The Group III written notice with termination is sustained.

Thus, in sum, the hearing officer found Needham had violated two policies of the Department of Corrections, thereby justifying his termination. Although the "DECISION" portion of the hearing officer's opinion did not expressly consider self-defense, the hearing officer elsewhere noted Needham "reacted to aggression with fear" and "did not consider the use of force unauthorized." It may therefore be said that when the hearing officer determined Needham should have kept the inmate locked in the shower instead of employing force, the hearing officer rejected Needham's assertion of the necessity of self-defense.

Needham appealed to the circuit court. Following argument, the circuit court reversed the decision of the hearing officer and ordered Needham reinstated with back pay. In so doing, the circuit court entered the following order:

> The Court adopts evidence presented in Exhibit A[4] of the Grievance filed by Todd Needham.
>
> The Court affirms evidence he acted in reasonable fear and acted in accordance to rules to restrain inmates.
>
> The evidence supports a ruling that the Grievant acted in self defense and used only an amount of force to defend himself and to remain in control of the situation at hand.
>
> There is sufficient evidence to show the Grievant's acts were proper for the situation in which he was confronted.

The Commonwealth now appeals from this order.

### III. STANDARD OF REVIEW

The issues presented are questions of law which we review *de novo*. Viking Enter., Inc. v. County of Chesterfield, 277 Va. 104, 110, 670 S.E.2d 741, 744 (2009); PMA Capital Ins. Co. v. US Airways, Inc., 271 Va. 353, 357-58, 626 S.E.2d 369, 372 (2006).

---

[4] This was the Exhibit A attached to Needham's informal Second Resolution Step form.

IV. ANALYSIS

(A)

We summarily address three issues raised on brief by Needham.

First, he argues the Commonwealth's appeal should be dismissed for failure to comply with Rule 5A:8, requiring the filing of a transcript or statement of facts. Rule 5A:8 "does not apply to administrative or grievance appeals in which the circuit court functions as an appellate court rather than a trial court." Va. Dep't of Corr. v. Compton, 47 Va. App. 202, 216, 623 S.E.2d 397, 404 (2005). Simply stated, the record reviewed is the administrative record alone.

Needham next erroneously invokes the Rule 5A:18 requirement of a contemporaneous objection to a "ruling of the trial court." Again, however, "[t]he trial court's function was limited to considering the parties' legal arguments based upon the agency record." Gordon v. Allen, 24 Va. App. 272, 277, 482 S.E.2d 66, 68 (1997). Rule 5A:18 is satisfied because the Commonwealth raised the issue here for resolution on brief before the circuit court.

Third, Needham refers to Code § 8.01-680, which deals with setting aside a verdict as plainly wrong or without evidence to support it in "civil or criminal" cases in circuit courts. Plainly, that statute has no bearing on proceedings governed by the State Grievance Procedure.

(B)

On brief, Needham maintains, as he did in the circuit court, that the provisions of Code § 2.2-4027 of the Administrative Process Act, granting circuit court review of "the substantiality of the evidentiary support for findings of fact," apply to such review under the State Grievance Procedure. No such provision for review exists in the State Grievance Procedure; the permissible review, and the one chosen by Needham pursuant to Code § 2.2-3006(B), is limited to whether the decision is "contradictory to law."

In Compton, we wrote:

> On appeal . . . the hearing officer's decision is only subject to reversal if it is "contradictory to law." This standard of review is applicable in both the circuit court and the Virginia Court of Appeals. See Pound [v. Dep't of Game & Inland Fisheries, 40 Va. App. 59, 64, 577 S.E.2d 533, 535 (2003)] ("Because the General Assembly granted to the circuit courts only the authority to consider whether the final determination of the hearing officer is 'contrary to law,' we are likewise limited to such review in considering whether the trial court erred in its determination.").
>
> The "contradictory to law" standard of appellate review is unique to cases brought pursuant to the State Grievance Procedure. See [Va. Dep't of State Police v. Barton, 39 Va. App. 439, 445, 573 S.E.2d. 319, 322 (2002)] (noting that Code § 2.2-3006(B) "represents the first and only appearance of the phrase 'contradictory to law' in the Code of Virginia as a standard of appellate review"). "Law," when used in this context, is limited to "constitutional provisions, statutes, regulations or judicial decisions . . . ." Id.

47 Va. App. at 218-19, 623 S.E.2d at 405 (additional citations omitted); see also Va. Dep't of Transp. v. Stevens, 53 Va. App. 654, 661, 674 S.E.2d 563, 567 (2009).

Concomitant with this "very narrow standard of review . . . the party appealing the hearing officer's decision properly bears the burden of identifying the law thereby contradicted." Va. Polytechnic Inst. & State Univ. v. Quesenberry, 277 Va. 420, 429, 674 S.E.2d 854, 858 (2009). Quesenberry, as here, addresses the standard of review on appeal under the State Grievance Procedure. More precisely, in such review, an appealing party must "'identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted.'" Tatum v. Va. Dep't of Agric. & Consumer Servs., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003) (quoting Barton, 39 Va. App. at 446, 573 S.E.2d at 323).

In his notice of appeal to the circuit court, Needham states only that the hearing officer's "determination is contradictory to law."

In a November 24, 2008 letter to the circuit court, Needham, as on brief, erroneously cites Code § 2.2-4027 of the Administrative Process Act, dealing with the substantiality of evidentiary support for agency findings of fact, as the proper standard of review. The only "law" designated by Needham is "the law of self-defense." On brief before this Court, Needham contends his arguments before the circuit court maintained that the hearing officer's decision "contradicted the law of self-defense and the VDOC's operating procedure." In either case, Needham fails to identify any "law" within the scope of judicial review permitted by the State Grievance Procedure.

We first note that under Code § 2.2-3000 *et seq.*, the State Grievance Procedure, an administrative officer serves as the fact finder. The hearing officer's decision "shall contain findings of fact as to the material issues in the case." Code § 2.2-3005.1(C); see also Tatum, 41 Va. App. at 121, 582 S.E.2d at 458; Barton, 39 Va. App. at 445, 573 S.E.2d at 322 ("These statutes clearly provide the hearing officer is to act as fact finder . . . .").

Whether an individual establishes that he acted in self-defense is "an issue of fact." Yarborough v. Commonwealth, 217 Va. 971, 979, 234 S.E.2d 286, 292 (1977). "The trier of fact determines the weight of evidence in support of a claim of self-defense." Gardner v. Commonwealth, 3 Va. App. 418, 426, 350 S.E.2d 229, 233 (1986); see also Caison v. Commonwealth, 52 Va. App. 423, 440, 663 S.E.2d 555, 562 (2008); Hughes v. Commonwealth, 39 Va. App. 448, 464, 573 S.E.2d 324, 331 (2002).

In its written opinion, the circuit court found as a fact that Needham "acted in self-defense." To reach that conclusion, and reverse the factual finding of the hearing officer, the

circuit court plainly employed an erroneous standard of review, that of Code § 2.2-4027, and necessarily reweighed the evidence contained in the administrative record.[5] That was error.

As the Virginia Supreme Court wrote in Quesenberry: "This appeal . . . is presented to us in an unusual posture, in which the circuit court failed to conduct the required review to determine whether the hearing officer's decision was 'contradictory' to applicable law. Instead, the circuit court, in the absence of any statutory authority, made its own factual findings . . . ." 277 Va. at 430, 674 S.E.2d at 859 (citation omitted).

Likewise, did the circuit court in this case.

---

[5] In its opinion, the circuit court adopted the "evidence presented in Exhibit A of the Grievance filed by Todd Needham." We have noted that this was the self-serving statement prepared by Needham and tendered during the informal Second Resolution Step phase. The statement was not executed under oath, nor was Needham subject to cross-examination as to its contents during the informal meeting. The circuit court, in its opinion, makes no mention of or comment upon the evidence adduced at the formal proceedings before the hearing officer.

Pursuant to Code § 2.2-3006(B), the circuit court is to "hear the appeal on the [grievance] record." A court is to consider "the [administrative] record as a whole." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988). Though dealing with the review provisions of the Administrative Process Act, in Mattaponi Indian Tribe v. Commonwealth Department of Environmental Quality ex rel State Water Control Board, 43 Va. App. 690, 706, 601 S.E.2d 667, 675 (2004), aff'd in part, rev'd in part sub nom. Alliance to Save the Mattaponi v. Commonwealth Department of Environmental Quality ex rel State Water Control Board, 270 Va. 423, 621 S.E.2d 78 (2005), this Court observed:

> In exercising this review, "we cannot seize upon questions, comments or incidences of an orderly administrative process to discredit agency action that is supported by the record, viewed in context and as a whole." Envtl. Def. Fund v. State Water Control Bd., 15 Va. App. 271, 279, 422 S.E.2d 608, 613 (1992). We focus instead on the decision itself and the entire factual record considered by the agency. Id. By design, this standard gives "great stability and finality to the fact-findings of an administrative agency." Va. Real Estate Comm'n [v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)] (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 83 L. Ed. 126, 59 S. Ct. 206 (1938)).

This principle is applicable to the review process of an agency decision under the State Grievance Procedure. We do not by this suggest courts may review the factual findings of an agency, but only that the record as a whole, not isolated pieces of it, should receive review.

Needham's arguments concerning the hearing officer's interpretation of the operating procedure of the Department of Corrections also fall outside permissible court review. Under the State Grievance Procedure, an appeal from a hearing officer's interpretation of policy goes to the director of the Department of Human Resource Management, not the circuit court. Code § 2.2-3006(A). "To be sure, '[i]nterpretation of state agency policy is itself a matter of policy' outside the scope of judicial review." Stevens, 53 Va. App. at 663, 674 S.E.2d at 567 (quoting Barton, 39 Va. App. at 446, 573 S.E.2d at 323). As we held in Barton: "Barton only identifies a conflict in interpretation of a policy established by a state agency . . . any dispute over the meaning of that directive is a matter of internal agency policy." 39 Va. App. at 446, 573 S.E.2d at 323.[6]

Accordingly, the decision of the circuit court is reversed and the case remanded with directions to enter an order affirming the decision of the hearing officer.

<u>Reversed and remanded.</u>

---

[6] As noted above in footnote 1, Needham did not appeal pursuant to Code § 2.2-3006(A), involving policy.