Present: All the Justices

YVONNE HARRIS ANDREWS

OPINION BY
v. Record No. 150977                    JUSTICE ELIZABETH A. McCLANAHAN
                                        June 2, 2016
RICHMOND REDEVELOPMENT AND
HOUSING AUTHORITY

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

Yvonne Harris Andrews challenged the termination of her employment with the

Richmond Redevelopment and Housing Authority (RRHA) through RRHA's grievance

procedure and a hearing officer ordered her reinstatement. On RRHA's appeal, the circuit court

reversed the hearing officer's decision as "'contradictory to law'" under Code § 2.2-3006. In the

present appeal, Andrews contends Code § 15.2-1507 is controlling, and under this statute the

circuit court lacked subject matter jurisdiction to hear RRHA's appeal. We conclude the circuit

court did lack subject matter jurisdiction, but based on the applicable provisions of both Code §§

2.2-3006 and 15.2-1507, and thus reverse the judgment of the circuit court.

I.  BACKGROUND

Andrews was employed by RRHA as a senior property manager of a public housing

complex in the City of Richmond. RRHA terminated Andrews' employment based on its

determination that she had committed several violations of RRHA's Standards of Conduct Policy

No. 3.1 ("Standards of Conduct"). Andrews challenged the termination under RRHA's

Grievance Policy No. 3.2 ("Grievance Policy") by claiming that RRHA had unfairly applied the

Standards of Conduct to her.[1]  After exhausting the internal remedies available under the Grievance Policy, Andrews requested a hearing before an administrative hearing officer. Following a three-day hearing, the hearing officer issued a decision ruling that RRHA had improperly applied its personnel policies and procedures, and had thereby acted in bad faith in terminating Andrews' employment.  The hearing officer thus ordered that Andrews be reinstated to her former position with full back pay.  The hearing officer then advised at the conclusion of her decision that, under the terms of RRHA's Grievance Policy, "[e]ither party may . . . appeal the decision to the Circuit Court of the City of Richmond, Virginia."  See RRHA Grievance Policy, Section VII.E. ("Challenges to the Hearing Officer's Decision").

RRHA, "pursuant to Code § 2.2-3006" of Virginia's State Grievance Procedure (Code §§ 2.2-3000 through -3008) ("State Grievance Procedure"),[2] appealed the hearing officer's decision to the Circuit Court of the City of Richmond. [3]  As asserted in RRHA's notice of appeal, "[r]ather than apply RRHA's unambiguous written policies and procedures, the hearing officer unilaterally created new policies and procedures and/or rewrote RRHA's existing policies and procedures and applied those newly created or rewritten requirements.  In doing so, the hearing

---

[1] Andrews ultimately dropped her second claim consisting of allegations that she was the victim of sexual harassment by her supervisor, resulting in her wrongful employment termination by RRHA.

[2] The State Grievance Procedure sets forth "a plainly stated statutory framework" providing grievance procedures applicable to state agency employees.  Virginia Polytechnic Inst. v. Quesenberry, 277 Va. 420, 428, 674 S.E.2d 854, 858 (2009).

[3] Code § 2.2-3006(B) provides for the right of either party in a grievance to appeal a hearing officer's decision to circuit court under the State Grievance Procedure "on the grounds that the [hearing officer's] determination is contradictory to law."   RRHA and Andrews disagree (addressed infra) over whether this provision authorized RRHA to appeal the hearing officer's decision to circuit court where RRHA opted to establish its own grievance procedure under the terms of Code § 15.2-1507(A)(4) (providing that such a grievance procedure must be "consistent with the provisions of [the State Grievance Procedure]").

officer's decision exceeded her statutory authority and, therefore, was contradictory to Virginia law." Specifically, RRHA contended that the decision ignored Code § 15.2-1507(A)(10)(a)(6), which, RRHA argued, "limit[ed] [the] hearing officer's authority by requiring that . . . her decision 'be consistent with provisions of law and written policy.'"[4] RRHA made these same assertions in its supporting brief filed with the circuit court and at oral argument. RRHA therefore asked the circuit court to reverse the hearing officer's decision.

Opposing RRHA's appeal, Andrews argued in its brief and at oral argument that the hearing officer correctly interpreted RRHA's personnel policies and procedures, and in particular RRHA's Standards of Conduct; and that the record supported the hearing officer's findings and disposition of her grievance. Andrews, however, did not argue that the circuit court lacked subject matter jurisdiction to hear RRHA's appeal.

The circuit court ruled in favor of RRHA and reversed the hearing officer's decision. The court determined that it was "vest[ed] [with] jurisdiction to 'hear the appeal on the record'" under Code § 2.2-3006. The court then ruled that the hearing officer erred in her interpretation and application of RRHA's disputed personnel policies and procedures. In doing so, the court agreed with RRHA that the hearing officer was "required to render a decision 'consistent with provisions of law and written policy'" under Code § 15.2-1507(A)(10)(a)(6); and that "the hearing officer's decision here is 'contradictory to law' under Va. Code § 2.2-3006." Accordingly, the court entered a final order denying the grievance.

Andrews appealed the circuit court's decision to the Court of Appeals of Virginia challenging the merits of that decision. The Court of Appeals concluded, however, that it lacked

---

[4] Code § 15.2-1507 addresses the establishment of grievance procedures for employees of local governments (i.e., counties, cities and towns), as well as for employees of community services boards, redevelopment and housing authorities, and regional housing authorities.

3

subject matter jurisdiction to decide the appeal under Code § 17.1-405 and transferred the case to this Court under Code § 8.01-677.1. Andrews then filed a petition for appeal to this Court. There, Andrews raised the additional argument in her first assignment of error that the circuit court lacked subject matter jurisdiction to consider RRHA's appeal of the hearing officer's decision. We granted Andrews this appeal limited solely to the jurisdictional issue.

## II. ANALYSIS

### A. Raising Subject Matter Jurisdiction

Andrews did not waive her jurisdictional challenge to the circuit court's decision by raising it for the first time on appeal. "Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999) (citing Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990)). Under settled principles, such jurisdiction "cannot be conferred on the court by the litigants" and a challenge to it "cannot be waived." Virginian-Pilot Media Cos. v. Dow Jones & Co., 280 Va. 464, 468, 698 S.E.2d 900, 902 (2010) (citing In re: Commonwealth, 278 Va. 1, 11, 677 S.E.2d 236, 240 (2009)). Furthermore, "lack of subject matter jurisdiction may be raised at any time, in any manner, before any court, or by the court itself." Nelson v. Warden of the Keen Mt. Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001) (citation and internal quotation marks omitted); see Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947) (same).

### B. Standard of Review

The present dispute over subject matter jurisdiction concerning whether the circuit court had the statutory authority to entertain RRHA's grievance appeal presents an issue of law, which we review de novo. See Glasser & Glasser, PLC v. Jack Bays, Inc., 285 Va. 358, 369, 741

4

S.E.2d 599, 604 (2013) (challenge to trial court's subject matter jurisdiction involved an issue of law subject to de novo review); see also REVI, LLC v. Chicago Title. Ins. Co., 290 Va. 203, 208, 776 S.E.2d 808, 810 (2015) (question of statutory interpretation is subject to de novo review (citing Eberhardt v. Fairfax County Emples. Ret. Sys. Bd. of Trs., 283 Va. 190, 194, 721 S.E.2d 524, 526 (2012))). We conclude as a matter of law that the circuit court lacked subject matter jurisdiction under Code § 2.2-3006 to hear the appeal.

## C. Code § 15.2-1507

Andrews argues that her grievance under RRHA's Grievance Policy was controlled by Code § 15.2-1507 and that this statute did not give RRHA the right to seek judicial review of the hearing officer's decision (contrary to the express terms of Section VII.E. of the Grievance Policy).[5] As for RRHA's contention that the circuit court's jurisdiction was controlled instead by Code § 2.2-3006, Andrews argues that this statute, as part of the State Grievance Procedure, has no application to the grievance procedure set forth in Code § 15.2-1507 for local governments and other non-state entities, including redevelopment and housing authorities like RRHA. We disagree with Andrews' reading of these statutes.

The focus of Code § 15.2-1507 is on the "components and features" that are required by the statute to be incorporated in the grievance procedures adopted by "local governments" or

---

[5] The only avenue for the circuit court's exercise of jurisdiction in this case, according to Andrews, would have been pursuant to Code § 15.2-1507(A)(11), which gives a party the limited right to petition the court "for an order requiring implementation of the hearing decision." As for a challenge to the merits of a hearing officer's decision by an appeal to circuit court, Andrews contends that such judicial review is expressly limited under Code § 15.2-1507 to circumstances in which a hearing officer's decision "result[ed] in the reinstatement of any employee of a sheriff's office, who has been terminated for cause," as set forth in subsection (B) of the statute. Code § 15.2-1507(B). Because we conclude, as explained infra, that RRHA's grievance procedure is controlled by the State Grievance Procedure and not Code § 15.2-1507, we need not address Andrews' arguments regarding the scope of judicial review under Code § 15.2-1507.

5

"localities" (i.e., counties, cities and towns) for their employees.[6] Code § 15.2-1507(A). In addressing such grievance procedures, the statute also makes provision for grievance procedures for employees of, among other entities, redevelopment and housing authorities.[7] Subsection (A)(4) of the statute provides, in relevant part:

> Grievance procedure availability and coverage for employees of . . . redevelopment and housing authorities . . . . Employees of . . . redevelopment and housing authorities created pursuant to § 36-4 . . . shall be included in (i) a local governing body's grievance procedure . . . if agreed to by the . . . authority and the locality or (ii) <u>a grievance procedure established and administered by the . . . authority which is consistent with the provisions of Chapter 30 (§ 2.2-3000 et seq.) of Title 2.2</u> [the State Grievance Procedure] and any regulations promulgated pursuant thereto. If [an] . . . authority fails to establish a grievance procedure pursuant to clause (i) or (ii), it shall be deemed to have adopted a grievance procedure which is consistent with the provisions of Chapter 30 (§ 2.2-3000 et seq.) of Title 2.2 and any regulations adopted pursuant thereto for so long as it remains in noncompliance.

Code § 15.2-1507(A)(4) (emphasis added).

In construing Code § 15.2-1507(A)(4), "'we must apply its plain meaning, and we are not free to add [to] language, nor to ignore language, contained in [it].'" <u>Kiser v. A.W. Chesterton Co.</u>, 285 Va. 12, 25, 736 S.E.2d 910, 918 (2013) (quoting <u>BBF, Inc. v. Alstom Power, Inc.</u>, 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (internal quotation marks omitted)). That is to say,

_____

[6] As used in Title 15.2 of the Code, the interchangeable terms "locality" and "local government" are defined as "a county, city, or town as the context may require." Code § 15.2-102.

[7] As used in Title 36, Chapter 1, Article 1 of the Code, addressing "Housing Authorities Law," the terms "authority" and "housing authority" are defined as "any of the political subdivisions created by § 36-4." Code § 36-3. <u>See</u> Code § 36-4 (addressing each locality's creation of a redevelopment and housing authority as "a political subdivision of the Commonwealth with such public and corporate powers as are set forth in this chapter"); <u>see also</u> <u>Richmond Redevelopment & Hous. Auth. v. Laburnum Const. Corp.</u>, 195 Va. 827, 843, 80 S.E.2d 574, 583 (1954) (explaining that while RRHA, as plaintiff, "was denominated a political subdivision of the State, it did not qualify as one acting for purely governmental purposes") (superseded by statute on other grounds). Code § 36-3 further defines "locality" to mean "the same as that term is defined in § 15.2-102."

"'[w]hen the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'" Id. (quoting Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (internal quotation marks omitted)).

A plain reading of subsection (A)(4) compels the conclusion that RRHA's grievance procedure is not controlled by Code § 15.2-1507, but instead by the State Grievance Procedure. When RRHA opted to have its own grievance procedure as permitted under the second option in subsection (A)(4) — rather than entering into an agreement with the City of Richmond for RRHA's inclusion in the City's grievance procedure as permitted under the first option in subsection (A)(4) — RRHA was explicitly required by this subsection to establish and administer its grievance procedure "consistent with" the State Grievance Procedure. Nothing in the language of subsection (A)(4) indicates that RRHA's grievance procedure must also be "consistent with" the grievance procedure set forth in the other provisions of Code § 15.2-1507 specifically established for local governments.

Indeed, RRHA's Grievance Policy could not function coherently under a conflated application of the separate statutory schemes set forth in Code § 15.2-1507 and the State Grievance Procedure. The operative word "consistent" used in the second option in Code § 15.2-1507(A)(4) means "coexisting and showing no noteworthy opposing, conflicting, inharmonious, or contradictory qualities or trends." Webster's Third New International Dictionary 484 (1993). RRHA's Grievance Policy cannot be "consistent with" both statutory schemes because of their divergent features, the most significant of which, for purposes of this case, are their different provisions concerning the right to judicial review of a hearing officer's decision. (Judicial review under Code § 2.2-3006 of the State Grievance Procedure is addressed

7

in Subsection II.D. below.) We thus eschew a construction of Code § 15.2-1507(A)(4) that would embrace such a hybrid statutory apparatus for controlling the establishment and administration of a redevelopment and housing authority's own grievance procedure. In construing statutes, this Court has repeatedly adhered to the principle, as we do here, that "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." Deutsche Bank Nat'l Trust Co. v. Arrington, 290 Va. 109, 116, 772 S.E.2d 571, 574 (2015) (citation and internal quotation marks omitted).

We thus conclude that the question whether the circuit court had subject matter jurisdiction to entertain RRHA's appeal of the hearing officer's decision is controlled by the provisions of Code § 2.2-3006 of the State Grievance Procedure.

### D. Code § 2.2-3006

As part of the State Grievance Procedure addressing the review of a hearing officer's decision, Code § 2.2-3006 provides, in relevant part, in subsections (A) and (B):

> A. Upon the request of a party to a grievance hearing for an administrative review of the hearing decision, the Director of the Department of Human Resource Management shall determine, within 30 days of the conclusion of any other administrative reviews, whether the hearing decision is consistent with policy.
> B. Within 30 days of a final decision, [either] party may appeal on the grounds that the determination is contradictory to law by filing a notice of appeal with the clerk of the circuit court in the jurisdiction in which the grievance arose. . . . Within 30 days of receipt of the grievance record, the court, sitting without a jury, shall hear the appeal on the record. The court may affirm the decision or may reverse or modify the decision. . . .

(Emphases added.)

These provisions make clear that either party may appeal a hearing officer's decision to circuit court for review on grounds that it is "contradictory to law," Code § 2.2-3006(B), but no such right is available when the challenge to the decision presents a question whether it is

8

"consistent with policy," Code § 2.2-3006(A). This review procedure, as so devised, "allows the executive branch latitude to manage and discipline [its] employees and to develop its own policy and procedures, subject to limited legal constraints." Burke v. Catawba Hosp., 59 Va. App. 828, 834, 722 S.E.2d 684, 687 (2012).[8] As we explained in Virginia Polytechnic Institute & State University v. Quesenberry, 277 Va. 420, 430, 674 S.E.2d 854, 859 (2009), "'the hearing officer is to act as fact finder and the Director of the Department of Human Resource Management [DHRM] is to determine whether the hearing officer's decision is consistent with policy. *In the grievance process, neither of these determinations is subject to judicial review, but only that part of the grievance determination 'contradictory to law.'*" Id. (quoting Virginia Dept. of State Police v. Burton, 39 Va. App. 439, 445, 573 S.E.2d 319, 322 (2002) (emphasis added) (some internal quotation marks omitted); see Commonwealth v. Needham, 55 Va. App. 316, 327, 685 S.E.2d 857, 863 (2009) ("Under the State Grievance Procedure, an appeal from a hearing officer's interpretation of policy goes to the director of [DHRM], not the circuit court." (citing Code § 2.2-3006(A)). Thus, the circuit court has a "very narrow" standard of review that "focuses solely on the question whether the hearing officer's decision is contradictory to any applicable law," i.e., "'[a] constitutional provision, statute, regulation or judicial decision.'" Quesenberry, 277 Va. at 429, 674 S.E.2d at 858 (quoting Tatum v. Virginia Dep't. of Agric., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003)).

Here, RRHA, citing Code § 2.2-3006, challenged the hearing officer's decision to reinstate Andrews by appealing the decision to the circuit court and arguing that it was

---

[8] See Virginia Dep't of State Police v. Barton, 39 Va. App. 439, 447, 573 S.E.2d 319, 323 (2002) ("As the provision of a state grievance procedure for state employees is a matter of legislative grace, the General Assembly has wide latitude in how it chooses to structure that process, including any right of appeal." (citing Murray v. Stokes, 237 Va. 653, 378 S.E.2d 834 (1989))).

"contradictory to law." As the appealing party, it was RRHA's burden to identify how "the law [was] thereby contradicted." Quesenberry, 277 Va. at 429, 674 S.E.2d at 858. RRHA, however, pointed only to subsection (A)(10)(a)(6) of Code § 15.2-1507 — a provision which is inapplicable to RRHA's Grievance Policy, for the reasons explained above — thereby erroneously conflating Code § 15.2-1507 with Code § 2.2-3006.

Moreover, RRHA did not make a prima facie showing for invoking judicial review of the hearing officer's decision under Code § 2.2-3006(B) because the substance of RRHA's appeal challenged only the hearing officer's interpretation and application of RRHA's policies. As expressly asserted in RRHA's notice of appeal, the hearing officer failed to "apply RRHA's unambiguous written policies and procedures, . . . unilaterally created new policies and procedures and/or rewrote RRHA's existing policies and procedures[,] and applied those newly created or rewritten requirements." RRHA argued, more specifically, in its legal memorandum that the hearing officer erroneously determined that:

> (1) RRHA had an obligation to utilize progressive discipline in every instance (RRHA policy does not state as much); (2) the direct supervisor (as opposed to [RRHA's chief operating officer]) had to recommend the termination (no RRHA policy states that); (3) RRHA did not give Andrews sufficient time to dispute her discipline (RRHA policy does not provide for such a time); and (4) RRHA had an obligation to "document" its performance concerns (no policy states as much).

RRHA then made the same arguments to the circuit court at oral argument. Based on such a challenge to the hearing officer's decision, RRHA was limited, pursuant to Code § 2.2-3006(A), to a review of that decision by RRHA's executive director or other designated person within the

10

organization, who would be comparable to the director of DHRM as the designated person to conduct such a review under subsection (A) at the state level.[9]

The circuit court therefore did not have subject matter jurisdiction to entertain RRHA's appeal under Code § 2.2-3006 because the statute did not grant the court the authority to review a case or controversy of this nature.[10] See Burke, 59 Va. App. at 833-35, 722 S.E.2d at 687-88 (affirming, based on Code § 2.2-3006, circuit court's holding that "it was without jurisdiction to review 'the matters of policy presented in th[e] appeal'" of a hearing officer's decision to uphold the grievant's termination of employment); Barton, 39 Va. App. at 444-48, 573 S.E.2d at 322-24 (reversing, based on Code § 2.1-116.07:1 (recodified as amended at Code § 2.2-3006), a circuit

_____

[9] We note that this would be the case only where a redevelopment and housing authority like RRHA has taken the second option under Code § 15.2-1507(A)(4) to establish and administer its own grievance procedure, and not the first option in this subsection by which the authority would be included in a locality's grievance procedure. In other words, under the second option, the authority would have the right (consistent with Code § 2.2-3006(A)) to render the ultimate interpretation of its own personnel policies (by the authority's executive director or other designated person) when a hearing officer's interpretation is challenged for review. On the other hand, if the housing authority took the first option in subsection (A)(4) and thereby was included in the locality's grievance procedure, the authority would relinquish to the locality the right to render the ultimate interpretation of the authority's personnel policies. See Code § 15.2-1507(A)(10)(a)(7) ("The question of whether the relief granted by a . . . hearing officer is consistent with written policy shall be determined by the chief administrative officer of the local government . . . .").

[10] In this regard, Section VII.E. of RRHA's Grievance Policy is patently inconsistent with Code § 2.2-3006. First, it erroneously provides under subsection (1) that "[e]ither party may . . . appeal [a hearing officer's] decision to the Circuit Court of the City of Richmond," rather than appropriately representing that such right is limited to challenges based on the decision being "contradictory to law." Code § 2.2-3006(B). Second, subsection (2) erroneously deviates from this narrow standard of review granted to the circuit court by representing, among other things, that the court "will affirm [the hearing officer's] decision unless . . . [it] is contrary to or inconsistent with RRHA policy or procedure," which the court has no authority to review under Code § 2.2-3006(A) and (B) of the State Grievance Procedure. Therefore, under the terms of Code § 15.2-1507(A)(4), Section VII.E. of RRHA's Grievance Policy "shall be deemed to have [been] adopted . . . consistent with the provisions of [the State Grievance Procedure] for so long as it remains in noncompliance."

court's decision on appeal to dismiss a hearing officer's three-day suspension of a state trooper because the circuit court was without jurisdiction to entertain the appeal where the conflict was over the interpretation of agency policy).

### III.  CONCLUSION

We hold that the circuit court lacked subject matter jurisdiction under the controlling statute, Code § 2.2-3006, to entertain RRHA's appeal of the hearing officer's decision. Accordingly, we reverse the judgment of the circuit court, reinstate the hearing officer's decision, and dismiss the appeal.

<u>Reversed and dismissed</u>.