COURT OF APPEALS OF VIRGINIA

Present:    Judges Ortiz, Raphael and Senior Judge Annunziata
Argued at Fairfax, Virginia

**UNPUBLISHED** (margin)

GILMA CHAVEZ

v.          Record No. 0835-24-4

VIRGINIA DEPARTMENT OF MOTOR VEHICLES

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
SEPTEMBER 9, 2025

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Christie A. Leary, Judge[1]

Adam Fleming for appellant.

Muhammad Umar, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Gilma Chavez appeals an order of the Circuit Court of Fairfax County affirming a

Department of Human Resource Management (DHRM) grievance decision upholding her

termination from employment.  On appeal, Chavez argues that her due process rights were

violated because the agency did not give her a meaningful opportunity to be heard before her

termination.  She further contends that the hearing officer presiding over her grievance hearing

misinterpreted agency policy, improperly denied her discovery requests, and failed to consider

certain defenses and mitigating circumstances that she raised.  Finding that Chavez's arguments

are either not subject to judicial review under Code § 2.2-3006(B) or not supported by the record,

we affirm the circuit court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The Honorable David Bernhard signed a consent order in the proceedings below.  Now
a member of this Court, Judge Bernhard took no part in this decision.

BACKGROUND[2]

Chavez was employed as a customer service representative at the Department of Motor Vehicles (DMV). On December 29, 2022, Chavez was working at the information desk in the customer service center when she found a watch in the desk drawer. The watch belonged to Chavez's coworker, who had left it in the desk after his shift the day before. Although DMV policy required employees to turn over lost items to a supervisor or place them in the lost and found area, Chavez pocketed the watch. The coworker, who was not at work that day, texted Chavez about the watch at the end of the day as she was preparing to leave. Chavez responded that she had given the watch to the assistant manager, although it was still in her pocket. She then went to use the restroom.

The coworker then called the manager to inquire about the watch. The manager replied that he had not seen the watch, so he searched the drawers of the information desk for it. When Chavez returned from the restroom, the manager asked her about the location of the watch. Chavez told the manager that she had placed the watch on his desk earlier in the day. She then walked briskly to the manager's office, took the watch out of her pocket, and placed it on the desk. The manager arrived at the office a few seconds later and did not see Chavez place the watch on his desk.

DMV investigated the incident and obtained video recordings showing that Chavez had not placed the watch on the manager's desk until after the manager questioned her. On January 6, 2023, DMV supervisors met with Chavez in a conference call during which she again claimed that she had placed the watch on the manager's desk earlier in the day. On January 11, 2023, DMV sent

---

[2] An appeal to the circuit court under the State Grievance Procedure is based on the "grievance record" compiled during proceedings before the agency. *See* Code § 2.2-3006(B). "The circuit court, 'much like an appellate court,' must review the 'facts developed in the agency record in the light most favorable to the party prevailing in that forum.'" *McNally v. Va. Dep't of Motor Vehicles*, 80 Va. App. 483, 496 (2024) (quoting *Va. Dep't of Alcoholic Beverage Control v. Tyson*, 63 Va. App. 417, 421 (2014)). "On further appeal to us, we apply the same standard." *Id.* We therefore view the facts here in the light most favorable to DMV.

Chavez a Notice of Potential Disciplinary Action that referenced DHRM Policy 1.60, warned her that DMV was considering disciplinary action due to her multiple false statements, and encouraged her to respond in writing to the allegations. Chavez submitted a written response on January 12, 2023, in which she denied that she had intentionally made false statements and explained her actions on the day of the incident. She later supplemented her response through her attorney.

On March 9, 2023, DHRM sent Chavez a written notice that she had violated DHRM Policy 1.60[3] on December 29, 2022, and January 12, 2023, by falsifying records.[4] The notice informed Chavez that her false statements on each occasion constituted an offense and terminated her employment, effective immediately.

Chavez sent a letter to the Office of Employee Dispute Resolution (EDR) requesting a grievance hearing under Code § 2.2-3000. Chavez denied intentionally making false statements and argued that, in any case, her actions did not constitute "[f]alsifying records" as defined in Policy 1.60 because her allegedly false statements were not connected to a "matter of official interest." Chavez also asserted that the allegations against her were pretexts for race, sex, and age discrimination, and argued that her 24 years of otherwise-successful employment at DMV mitigated the offense. She did not mention any false statements allegedly made by DMV or raise an "unclean hands" defense in her letter. Chavez asked for administrative relief from DHRM, including a rescission of the disciplinary action, reinstatement to service, damages for lost wages and benefits, and attorney fees and costs.

---

[3] DHRM Policy 1.60 states that an employee falsifies records when she "intentionally or with willful disregard make[s] false or misleading statements, orally or in writing, in connection with any matter of official interest."

[4] The written notice of termination stated that Chavez had committed Offenses 74 and 99 under Policy 1.60. Offense 74 is "Falsifying records," while Offense 99 is "Other." DMV later clarified that it would not pursue Offense 99 and was proceeding solely on the falsifying records violation.

DHRM appointed a hearing officer, and the parties convened for a pre-hearing conference. The hearing officer later issued an order scheduling the hearing and directing discovery. Chavez submitted her discovery requests for documents on May 22, 2023. Requests 4, 5, and 11 sought documents relating to previous disciplinary actions against DMV employees and discrimination complaints lodged against DMV, while Requests 18 and 19 sought documents relating to the particular policy violations for which Chavez was terminated.[5]

DMV objected to Request 11 as overly broad but agreed to produce records concerning employees who had been "terminated for falsification and lying." DMV also objected to Requests 4, 5, 18, and 19 on various grounds and did not produce any documents responsive to those requests. Chavez opposed the objections and asked the hearing officer to compel production of the requested documents. The hearing officer issued a pre-hearing ruling that granted Request 11 "to the extent already provided by the agency" but denied the other requests based on relevancy and scope.

Following the hearing, the hearing officer issued a decision finding that Chavez had violated DHRM Policy 1.60 as alleged in the written notice. The hearing officer rejected Chavez's argument that her false statements were not connected to a "matter of official interest" and referenced a March 10, 2020 email memorandum that DMV had sent to all employees warning that "dishonesty in any form could result in job loss." The hearing officer found that the email established that the agency had an official interest in employee dishonesty in any context. Specifically, the email showed that

---

[5] Request 4 asked the agency to provide records of all disciplinary terminations made by DMV since December 28, 2019. Request 5 asked the agency to produce all documentation relating to allegations of discrimination made by DMV employees since December 28, 2019. Request 11 asked the agency to produce documentation concerning disciplinary action taken against employees accused of "the same or similar offenses" as Chavez over the preceding five years. Request 18 asked the agency to provide documentation of the official records that Chavez was accused of falsifying. Request 19 asked the agency to provide documentation relating to Chavez's violation of Offense 99, "Other."

DMV has "a legitimate, articulated interest" in employees conducting themselves honestly regardless of "whether they are handling official agency records or interacting with other employees and supervisors." In addition, Chavez had not proven discrimination and her 24 years of successful service with DMV did not constitute sufficient mitigating circumstances to justify reversal of her termination. After evaluating Chavez's discrimination claim, the hearing officer rejected it because she "failed to identify similarly situated employees outside her protected class who lied or were otherwise dishonest with their supervisors and were not fired." The hearing officer additionally found that Chavez had not established a prima facie case of retaliation because she did not show that she had engaged in a protected activity, such as filing a discrimination complaint or opposing an employment practice of DMV.

The hearing officer also found that there were no "mitigating circumstances justifying a reduction or removal of the disciplinary action." Acknowledging that Chavez's 24 years of otherwise-successful service with DMV "should not be dismissed lightly," the hearing officer concluded that the service did not outweigh her violation of Policy 1.60 because "[DMV] had put its employees on notice that dishonesty would result in termination even for a first offense" and because management witnesses had testified that "it would be difficult . . . to trust [Chavez] going forward." Based on those findings, the hearing officer upheld Chavez's termination.[6] Chavez did not request administrative review of the hearing officer's decision but instead appealed the decision to the circuit court under Code § 2.2-3006(B).

In her appeal to the circuit court, Chavez argued that she had been denied due process in several respects. First, she argued that she had not been given a meaningful opportunity to be heard. Second, she asserted that the hearing officer based his decision on the March 10, 2020 email

---

[6] The hearing officer did not address any argument related to an "unclean hands" defense. Chavez did not raise this defense in her grievance complaint. Rather, her attorney raised it during the grievance hearing when he accused DMV of having "unclean hands through and through."

memorandum—which was not promulgated in accordance with the Administrative Process Act and which was not provided as a basis for her alleged violation—rather than Policy 1.60. Third, she contended that the hearing officer misinterpreted Policy 1.60 by not giving effect to its provision that falsification under the policy requires that the false statement be made in a matter of "official interest." Fourth, she faulted the hearing officer's failure to apply the equitable doctrine of "unclean hands" to bar DMV from terminating her based on its own act of providing her "material documents that were substantially incorrect." Chavez also argued that the hearing officer erred by not compelling discovery as required by the grievance procedure rules and that the hearing officer failed to properly consider her discrimination defense. Finally, Chavez argued that the hearing officer failed to appropriately consider her mitigating evidence, thereby violating the grievance rules.

After a hearing, the circuit court found that Chavez had received due process through the conference call meeting, the January notice of potential discipline and subsequent opportunities she was given to respond, and the grievance hearing procedures. The circuit court ruled that the other errors that Chavez alleged the hearing officer committed were not subject to judicial review because they involved the hearing officer's factual findings, policy interpretations, and compliance with rules and policies. By order entered on May 3, 2024, the circuit court affirmed the hearing officer's decision. Chavez appeals.

ANALYSIS

The state employee grievance procedure creates a "tripartite review procedure" under which: (1) the hearing officer is the finder of fact and final authority on factfinding; (2) the DHRM and EDR determine whether the hearing officer's ruling is in compliance with personnel policy and grievance procedure respectively; and (3) the courts determine whether the grievance determination is "contradictory to law." *Morris v. George Mason Univ.*, 74 Va. App. 531, 538 (2022) (quoting *Passaro v. Va. Dep't of State Police*, 67 Va. App. 357, 367 (2017)).

Under this review procedure, we may not review the hearing officer's factual findings and policy interpretations or whether the hearing officer complied with personnel policy and grievance procedures. *McNally v. Va. Dep't of Motor Vehicles*, 80 Va. App. 483, 507 (2024); *Va. Dep't of State Police v. Barton*, 39 Va. App. 439, 445 (2002); *Commonwealth v. Needham*, 55 Va. App. 316 (2009). In determining whether a decision is contradictory to law, we review only "compliance with constitutional provisions, statutes, regulations, and judicial decisions." *Morris*, 74 Va. App. at 538 (quoting *Taylor v. Va. Alcoholic Beverage Control Auth.*, 70 Va. App. 237, 253 (2019)).

A. *Chavez received notice and an opportunity to be heard*.

"[A] constitutional claim that a grievance proceeding was conducted in a manner that violated the grievant's procedural-due-process rights is subject to judicial review under the 'contradictory to law' standard in Code § 2.2-3006(B)." *McNally*, 80 Va. App. at 508-09. Procedural due process requires that a "state employee with a property interest in [her] employment" be given a "pre-termination 'oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell [her] side of the story.'" *Va. Dep't of Alcoholic Beverage Control v. Tyson*, 63 Va. App. 417, 423-24 (2014) (quoting *Gilbert v. Homar*, 520 U.S. 924, 929 (1997)). We have held that the "'elaborate statutory grievance procedures' required by the State Grievance Procedure 'more than satisfy the minimal requirements of due process.'" *Id.* at 424 (quoting *Va. Dep't of Transp. v. Stevens*, 53 Va. App. 654, 664 (2009)).

Chavez argues that the grievance decision was contradictory to law because the hearing officer violated her due process rights under the Virginia Constitution. She contends that the hearing officer upheld her termination based on a violation of the March 10, 2020 email memorandum rather than of Policy 1.60. She also contends that she did not receive adequate notice

- 7 -

of and a meaningful opportunity to be heard on an alleged violation of the email memorandum.[7] We disagree.

Soon after the incident, DMV officials held a conference call with Chavez in which she was asked to give her account of the day. DMV then sent Chavez a written notice that referenced Policy 1.60 and warned her of potential disciplinary action. This notice provided a detailed description of the relevant incident, informed her that the agency suspected that she had made false statements because of video evidence contradicting her account, and gave her another opportunity to respond to the allegations. Chavez responded to this notice and later supplemented her response through counsel. The conference call and written notice gave Chavez the required notice and a meaningful opportunity to respond. Thus, DMV's pre-termination procedures satisfied due process. *See Tyson*, 63 Va. App. at 427-28.

Further, the record demonstrates that the hearing officer upheld Chavez's termination for a violation of Policy 1.60, not a violation of the email memorandum. He found that Chavez had "[e]ngaged in the conduct described" in the written termination notice and specified that the conduct referenced is the "falsification" of records under Policy 1.60. The hearing officer explained how Chavez's actions constituted a falsification of records. He referenced the March 10 email memorandum to address Chavez's argument that her conduct did not constitute "falsifying records" because her alleged false statements did not relate to a "matter of official interest." Rather than relying on it as the basis for her violation, the hearing officer found that the memorandum's warning against "[d]ishonesty in any form" showed that DMV had a

---

[7] We address Chavez's arguments on her opportunity to be heard and the Administrative Process Act together because both involve her claim that the hearing officer upheld her termination based on a violation of the March 10, 2020 email memorandum rather than a violation of Policy 1.60.

- 8 -

"legitimate articulated interest" in its employees conducting themselves honestly "whether they are handling official agency records or interacting with other employees and supervisors."

In sum, the record reflects that the hearing officer did not find that Chavez violated the memorandum but instead used the memorandum when assessing whether Chavez had violated Policy 1.60. Ultimately, he upheld Chavez's termination after finding that she violated Policy 1.60. Chavez was given a meaningful opportunity to respond to the allegation of false statements before her termination. Therefore, no due process violation occurred. *See Tyson*, 63 Va. App. at 428 ("[A] pretermination opportunity to respond, coupled with post-termination administrative procedures provides 'all the process that is due.'" (quoting *Holland v. Rimmer*, 25 F.3d 1251, 1258 (4th Cir. 1994))).

### B. The hearing officer did not violate Code § 2.2-3003(E) or due process requirements by denying Chavez's motion to compel discovery.

Chavez challenges the circuit court's ruling[8] affirming the hearing officer's denial of her request to compel certain discovery responses. According to Chavez, the denial violated Code § 2.2-3003(E) and deprived her of due process because it prevented her from effectively contesting the termination and establishing a discrimination defense. We disagree and find that the hearing officer's ruling did not violate the statute or due process requirements.[9]

---

[8] The circuit court made an ambiguous ruling on the hearing officer's denial of Chavez's motion to compel discovery. The court stated that it did not find that the "issue of discovery is something reviewable by this court." However, the court also reviewed the hearing officer's decision and concluded that he had complied with grievance procedures. We assume that the court ruled on this matter and review the court's ruling.

[9] The hearing officer's discovery rulings are normally not reviewable by this Court, as Code § 2.2-3003(G) provides that a grievant alleging noncompliance with grievance procedures must seek administrative review by the DHRM Director, whose decision is final. Chavez claims that the hearing officer's alleged noncompliance with Code § 2.2-3003(E) violated her due process rights, however, so we review the hearing officer's compliance with the statute to determine whether there was a due process violation. *See McNally*, 80 Va. App. at 508-09 (holding that Code § 2.2-3006(B) permits judicial review of a hearing officer's compliance with DHRM grievance procedures where the appellant raises a due process claim).

Code § 2.2-3003(E) provides:

> *Absent just cause*, all documents, as defined in the Rules of the Supreme Court of Virginia, relating to the actions grieved shall be made available, upon request from a party to the grievance, by the opposing party, in a timely fashion. Upon such request a party shall have a duty to search its records to ensure that *all such relevant* documents are provided. Documents pertaining to nonparties that are relevant to the grievance shall be produced in such a manner as to preserve the privacy of the individuals not personally involved in the grievance. A party shall not be required to create a document if the document does not exist.

(Emphases added). The DHRM's Rules for Conducting Grievance Hearings § III(E)[10]

(Grievance Hearing Rules) additionally states that when

> considering a party's request for an order for the production of documents, hearing officers should bear in mind that under the grievance statutes, absent just cause, all documents . . . relating to actions grieved "shall be made available" upon request from a party to the grievance, by the opposing party. [The agency]'s interpretation of the mandatory language "shall be made available" [upon request from a party] is that absent just cause (e.g., legal privilege, undue burden, compelling security reasons), all relevant grievance-related information *must* be produced under the grievance statutes.

The record reflects that the hearing officer complied with these grievance procedures in making his discovery rulings. The officer issued an order for the production of relevant discovery documents. After DMV objected to certain of Chavez's requests, Chavez filed an opposition to the objection. The officer considered the objections and ruled on each request; where a request was denied, the officer provided clear reasons for the denial consistent with grievance regulations. No additional process was due Chavez.

Chavez also argues that denial of certain discovery requests deprived her of comparator evidence that she needed to establish her discrimination defense. Yet, the record shows that the

---

[10] Code § 2.2-1202.1(3) authorizes DHRM to "[a]dopt rules . . . for grievance hearings." The Rules for Conducting Grievance Hearings and the Grievance Procedure Manual were adopted under this statute.

- 10 -

officer granted, and DMV complied with, Chavez's Request 11 asking for documents relating to previous disciplinary actions taken against employees who had been accused of "the same or similar offenses" as Chavez. The officer explained his denial of Requests 4 and 5 asking for records pertaining to "all disciplinary terminations" and complaints of discrimination that had occurred over a specified time by stating that the requested records were "beyond the scope of relevant information."

Section III(E) of the Grievance Hearing Rules requires that documents "relevant" to a grievance proceeding must be produced. The regulations do not grant blanket discovery, so, when hearing officers find a request unduly burdensome, that is "just cause" for denying the request. Grievance Hearing Rules § III(E). We cannot say that the hearing officer's determination that Requests 4 and 5 were overly broad in scope and not relevant was inconsistent with these regulations. This is particularly true in light of DMV's response to Request 11, which provided Chavez with comparator evidence that was more narrowly tailored to her discrimination defense.

Chavez also challenges the hearing officer's rulings denying Requests 18 and 19 for relevancy and scope. Request 18 asked for documentation of the "official reports" and records that Chavez had been accused of falsifying, while Request 19 asked for documentation relating to her "Other" violation that had initially been marked on her termination notice. But the record reflects that Chavez's violation for "falsifying records" stems from the multiple false statements that she made, not from the act of forging or altering any official documents. And the record demonstrates that DMV declined to pursue the "Other" violation and that Chavez's hearing pertained solely to the "falsifying records" violation. Thus, we cannot conclude that the hearing officer failed to comply with grievance procedures in ruling that Requests 18 and 19 were not relevant and fell outside the scope of the proceeding.

The statutory grievance procedures created by Code § 2.2-3000 "more than satisfy the minimal requirements of due process." *Tyson*, 63 Va. App. at 424 (quoting *Stevens*, 53 Va. App. at 664). The record demonstrates that the hearing officer complied with these grievance procedures in making his discovery rulings, so we hold that the rulings did not violate Chavez's due process rights.

### C. The hearing officer accorded Chavez due process in considering her affirmative defenses and mitigating circumstances.

Code § 2.2-3005(C)(6) requires hearing officers to "[r]eceive and consider evidence in mitigation or aggravation of any offense charged by an agency in accordance with rules established by [DHRM]." The agency's Grievance Procedure Manual § 5.8 additionally states that "[t]he employee has the burden of raising and establishing [by a preponderance of the evidence] any affirmative defenses to discipline and any evidence of mitigating circumstances related to discipline." (Emphasis omitted).

Chavez contends that the hearing officer violated her due process rights by failing to consider circumstances in mitigation of her offense. She also argues that the hearing officer failed to consider her discrimination defense, resulting in a violation of Article I, Section 11 of the Virginia Constitution prohibiting discrimination based on "religious conviction, race, color, sex, or national origin." The record does not support those arguments.

The hearing officer found that "there were no mitigating circumstances justifying a reduction or removal of the disciplinary action." But that statement does not mean that the hearing officer failed to consider the mitigating circumstances. To the contrary, the record shows that he weighed Chavez's 24 years of successful employment with DMV against her violation of Policy 1.60. The hearing officer found that the policy violation *outweighed* Chavez's otherwise-unblemished service because DMV had made it clear that "dishonest employees are fired for a first offense" and "management witnesses testified it would be difficult

- 12 -

. . . to trust [Chavez] going forward."[11] Viewing the whole record, we cannot conclude that the hearing officer failed to consider mitigating circumstances in accordance with grievance regulations. Thus, the hearing officer did not deny Chavez due process.

Likewise, the record contradicts Chavez's claim that the hearing officer failed to consider her discrimination defense. In his decision, the hearing officer addressed Chavez's claim that the charges against her were pretexts for race, sex, and age discrimination and were made for retaliatory reasons. The hearing officer explained that Chavez had not established a prima facie case of discrimination because she failed to show that similarly situated employees outside of her protected class had not been terminated. He also found that Chavez had not established a prima facie case of retaliation because she had not demonstrated that she was terminated for engaging in a protected activity. Thus, the record establishes that the hearing officer considered Chavez's discrimination defense but found it lacking. In sum, we hold that the hearing officer properly considered all defenses and mitigating circumstances Chavez raised and will not reverse on these grounds.

### D. Chavez's remaining arguments address issues that are not subject to judicial review.

Chavez challenges the hearing officer's interpretation of Policy 1.60's prohibition against "falsifying records" to apply to her conduct. She argues that she did not violate the policy because interactions between employees about personal property are not a "matter of official interest" within the meaning of the policy. Chavez also contends that the hearing officer violated her due process rights by failing to consider an "unclean hands" defense in making his ruling.

---

[11] We do not review the correctness of the hearing officer's findings on these issues because factual findings are not subject to judicial review. *McNally*, 80 Va. App. 507. Thus, we consider only whether the hearing officer accorded Chavez due process by adhering to the procedural requirements for grievances, in this instance by considering her mitigating evidence and her discrimination defense.

- 13 -

Chavez argues that the hearing officer should have considered her claim that DMV made false statements in connection with the proceeding and that the officer should have concluded that DMV's unclean hands barred it from terminating her.

In determining whether a hearing officer's decision is "contradictory to law," courts may only ascertain compliance with constitutional provisions, statutes, regulations, and judicial decisions. *Va. Polytechnic Inst. & State Univ. v. Quesenberry*, 277 Va. 420, 429 (2009). "Consistency with *policy* is different from consistency with *law*. The term *policy* means an agency's internal guidelines or rules. An internal guideline or rule is not a 'constitutional provision,' 'statute,' or 'judicial decision.' Nor is it a 'regulation,' which must be 'found in the Virginia Administrative Code.'" *McNally*, 80 Va. App. at 507. This Court has therefore held that an agency's internal policy is not subject to our review under the "contradictory to law" standard. *Burke v. Catawba Hosp.*, 59 Va. App. 828, 834-35 (2012). "By express statutory command, 'an appeal from a hearing officer's interpretation of policy goes to the director of the [DHRM], not the circuit court.'" *Id.* at 835 (alteration in original) (quoting *Needham*, 55 Va. App. at 327-28).

Policy 1.60 is an internal policy DHRM adopted to set standards for employee conduct and define offenses for which employees may be subject to disciplinary action. Thus, the hearing officer's interpretation of Policy 1.60's prohibition against "falsifying records" is not subject to judicial review under Code § 2.2-3006(B). Chavez's sole remedy for any allegedly erroneous policy interpretation was to appeal the hearing officer's ruling to the DHRM Director under Code § 2.2-3006(A). She did not seek that administrative review, and so we may not consider whether the hearing officer erred as she alleges. *Burke*, 59 Va. App. at 834-35.

"The appealing party must 'identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted.'" *Quesenberry*, 277 Va. at

429 (alterations in original). And we may only review "that part of the grievance determination 'contradictory to law.'" *Passaro*, 67 Va. App. at 368 (quoting *Barton*, 39 Va. App. at 445). Chavez does not identify any law contradicted by the failure of the hearing officer to act upon her assertions that DMV had unclean hands. Thus, we cannot review the grievance decision to determine if the hearing officer erred as Chavez alleges.

                              CONCLUSION

We hold that the circuit court did not err in affirming the hearing officer's decision because Chavez received a meaningful opportunity to be heard before her termination and the hearing officer complied with all grievance regulations and due process in conducting the grievance proceeding. Further, the circuit court did not err by dismissing Chavez's appeal because her arguments concerning the hearing officer's interpretation of internal agency policy and alleged failure to consider an "unclean hands" defense are not subject to judicial review. Thus, we affirm the circuit court's judgment.

*Affirmed.*