COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Kelsey and Alston
Argued at Richmond, Virginia


ROBERT BATTEN DUNHAM, JR.

                                                              OPINION BY
v.        Record No. 2495-10-2                     JUDGE ROSSIE D. ALSTON, JR.
                                                             FEBRUARY 21, 2012

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                            Cheryl V. Higgins, Judge

            Patricia Palmer Nagel (Law Offices of Patricia Palmer Nagel, on
            brief), for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
            appellee.


        Robert Batten Dunham, Jr. (appellant) appeals the revocation of his suspended sentence

on October 22, 2010.  On appeal, appellant alleges that the trial court lacked the authority to

revoke his previously suspended sentence because the period of suspension had been improperly

extended at a previous sentencing for a probation violation in 1998.  Because we find that

appellant cannot collaterally attack the 1998 sentencing order in the instant case, we affirm.

                                  I.  Background

        Appellant was convicted of two charges in 1996 relating to his production of child

pornography.  On December 20, 1996, appellant was sentenced to fifteen years in prison for

these convictions, with fourteen years suspended.  Regarding appellant's suspended sentence, the

sentencing order stated that appellant was to be of good behavior and not violate any penal laws

of the Commonwealth "for the term of ten years" and placed appellant under the supervision of a probation officer for the term of two years, among other conditions.

In December 1997 the trial court found that appellant was in violation of the conditions of his suspended sentence. Subsequently, on May 27, 1998, the trial court revoked appellant's previously suspended sentence and resuspended all but the time he had served to that date. As a condition of this newly resuspended sentence, the trial court ordered appellant to be of good behavior and not violate any penal laws of the Commonwealth "for the term of fourteen years from the date of release from incarceration." The trial court also placed appellant under supervised probation for the term of one year.

In July 2010, appellant was convicted in the Richmond City Circuit Court of failing to register as a sex offender in violation of Code § 18.2-472.1. As a result of this separate conviction, on October 22, 2010, the trial court found appellant in violation of the terms and conditions of his probation[1] and ordered that thirteen years and six months of appellant's previously resuspended sentence be revoked and that all but ninety days of this sentence be resuspended. As a condition of the suspension, the trial court ordered appellant to be of good behavior and not violate any penal laws of the Commonwealth "for the term of fourteen years from this date."

This appeal followed.

---

[1] The trial court apparently mistakenly used the term "probation" interchangeably with the term "suspension." This ostensibly imprecise terminology is of no legal significance in the context of this analysis. See Hunter v. Commonwealth, 56 Va. App. 582, 585 n.1, 695 S.E.2d 567, 569 n.1 (2010) (stating that the terms "probation" and "suspended sentence" are "often used interchangeably," even though "the terms refer to different sentencing matters"). Here, the trial court revoked appellant's suspended sentence based on its finding that appellant had failed to be of good behavior, a condition of his suspended sentence. Appellant was no longer on probation at the time his suspended sentenced was revoked.

II. Analysis

The imposition and revocation of a suspended sentence is governed by statute.

Regarding the imposition of a suspended sentence, Code § 19.2-303 grants a trial court the authority to suspend a sentence in whole or in part and "place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303.1 authorizes a trial court to "fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-306 governs a trial court's revocation of a suspended sentence. It provides that a trial court may revoke a previously suspended sentence "for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Alternatively, if the trial court did not originally fix a period of suspension under Code § 19.2-303.1, Code § 19.2-306(A) provides that a trial court "may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306(C) provides that upon revocation of the suspension, a trial court "may again suspend all or any part of [the new sentence imposed] and may place the defendant upon terms and conditions or probation."

Code §§ 19.2-303, -303.1, and -306 "obviously confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991); Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952)). "'In addition, the power of the

courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations.'" Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)). Therefore, this Court reviews a trial court's decision regarding suspension and probation under an abuse of discretion standard. See Alsberry v. Commonwealth, 39 Va. App. 314, 320, 572 S.E.2d 522, 525 (2002).

In the instant case, appellant argues that the trial court lacked the authority to revoke his suspended sentence because the trial court impermissibly extended the period of suspension when it revoked appellant's suspended sentence in 1998. Appellant alleges that his original sentencing order in 1996 imposed a ten-year period of suspension. Appellant argues that the trial court impermissibly extended the period of suspension to fourteen years in 1998. According to appellant, the trial court lost jurisdiction over appellant's first resuspended sentence in 2006, ten years after the 1996 imposition of suspension, and thus the trial court's action in 2010 revoking appellant's previously suspended sentence was void.

Appellant concedes that he did not preserve his assignment of error under Rule 5A:18 and invokes the ends of justice exception to Rule 5A:18. We need not determine whether Rule 5A:18 bars consideration of appellant's assignment of error because, even assuming Rule 5A:18 does not bar appellant's claim, appellant's argument fails.

Here, the trial court extended the period of suspension in the 1998 sentencing order. See Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 740 (1999) (holding that the good behavior requirement of a suspended sentence defined the period of suspension). Essentially, appellant's claim in this appeal is a collateral attack on the 1998 sentencing order. Because we find that appellant cannot collaterally attack the 1998 sentencing order through his

appeal in the instant case, it is not necessary to determine whether the trial court erred by extending the period of suspension in the 1998 sentencing order.[2]  Appellant did not appeal the 1998 sentencing order.  Unless the 1998 sentencing order was void, appellant may not collaterally attack that sentencing order.  See Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990) (holding that the judgment of the trial court revoking the appellant's suspended sentence was not void and thus could not be collaterally attacked).  A sentencing order revoking a suspended sentence is not void when the trial court "had jurisdiction over the subject matter and the parties."  Id.

Here, the trial court had subject matter jurisdiction over appellant's 1998 revocation hearing at the time it extended the period of suspension.  Significantly, the Supreme Court of Virginia "has distinguished subject matter jurisdiction as a unique form of jurisdiction and has defined it as a type of jurisdiction (1) that is granted to courts by constitution or statute and (2) that delineates a court's ability to adjudicate a defined class of cases or controversies."

---

[2] While not required to reach this question, we note this Court's precedents have recognized that a trial court does not err by increasing the period of suspension subsequent to an original sentencing order, upon revocation and resuspension of the sentence.  As this Court stated in Wright, 32 Va. App. at 151, 526 S.E.2d at 786 (citing Briggs v. Commonwealth, 21 Va. App. 338, 464 S.E.2d 512 (1995)), "We have previously recognized a trial court's authority to extend a defendant's suspension period after entering a sentencing order."

Moreover, although this Court subsequently stated in Reinke v. Commonwealth, 51 Va. App. 357, 367-68, 657 S.E.2d 805, 811 (2008), that a trial court does not have the authority to extend the length of the period of suspension upon the resuspension of some or all of a previously suspended sentence, this statement is *dictum*; Reinke involved the *modification of a restitution requirement* upon resuspension, not an increase in the period of suspension.  Moreover, in support of the sentence containing this statement, Reinke cited authority that both was decided prior to Wright and does not contradict the proposition from Wright cited above.  See Nuckoles, 12 Va. App. at 1086, 407 S.E.2d at 356 (stating that "[t]he *only* limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be 'reasonable'" (emphasis added) (quoting Dyke, 193 Va. at 484, 69 S.E.2d at 486)); Robertson v. Superintendent of the Wise Corr. Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994) (stating that upon revocation a trial court may not lengthen the period of *incarceration*, while, significantly, not discussing lengthening the period of suspension).

- 5 -

Mohamed v. Commonwealth, 56 Va. App. 95, 99, 691 S.E.2d 513, 515 (2010). Proceedings for revocation of suspended sentences are within the subject matter jurisdiction of the circuit courts. Id. at 100, 691 S.E.2d at 515. Because the trial court had subject matter jurisdiction over appellant's 1998 revocation hearing when it decided to extend the period of suspension, the 1998 sentencing order is not void. As a result, appellant cannot collaterally attack the 1998 sentencing order in this case. See Rule 1:1; Simmers, 11 Va. App. at 379, 398 S.E.2d at 695 ("When the trial court rendered judgment, Simmers had two options available to him. He had twenty-one days from the date of the order to attack it in the trial court, or he could have timely petitioned this Court for an appeal. He did neither, but instead accepted the benefit of the court's suspension of sentence. Since the judgment of the trial court was not void, Simmers may not sustain a collateral attack at this date.").

It follows then that under the terms of the 1998 sentencing order, the trial court did not err in revoking appellant's suspended sentence in 2010. The 1998 sentencing order required that appellant be of good behavior and not violate the penal laws of the Commonwealth for a period of fourteen years. Thus, consistent with the requirements of Code § 19.2-306(A), the 2010 suspension took place within the fourteen-year period established in the 1998 sentencing order. Therefore, the trial court did not err in revoking appellant's suspended sentence in 2010.

Affirmed.