COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

MACK WILSON HOPKINS

                                              MEMORANDUM OPINION* BY
v.        Record No. 1287-12-2                JUDGE WILLIAM G. PETTY
                                                    APRIL 2, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Elliott B. Bender (Elliott B. Bender, PLLC, on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Mack Wilson Hopkins was convicted of cocaine possession in October 2005. He was

sentenced to five years in prison, with four years and ten months suspended. In 2009, the trial

court entered an order revoking the remainder of Hopkins's suspended sentence and resuspended

the sentence in its entirety. Hopkins, through counsel, waived his appearance at that hearing.

According to the 2009 transcript, the trial court stated that Hopkins's remaining unserved time

would be resuspended for a period of five years. But, the trial court's written order failed to

specify a time period for the suspension. In April 2012, the trial court modified the 2009 order

*nunc pro tunc* to show that the suspension was to run for five years. The trial court then revoked

two years of the suspended sentence, and Hopkins brought this appeal. For the reasons set forth

below, we affirm the judgment of the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

II.

Hopkins argues that the trial court did not have the authority to revoke two years of his suspended sentence in 2012 because the suspension of his October 2005 sentence should have expired on October 21, 2010. In support of this argument, Hopkins says that the trial court erred by proceeding in absentia during the 2009 revocation hearing, when his remaining sentence was revoked and resuspended for a period of five years. He also argues that the court abused its discretion in 2012, when it modified the 2009 order *nunc pro tunc* to reflect the time period of the resuspension. We disagree.

"The imposition and revocation of a suspended sentence is governed by statute." Dunham v. Commonwealth, 59 Va. App. 634, 637, 721 S.E.2d 824, 825, aff'd, 284 Va. 511, 733 S.E.2d 660 (2012). The trial court has broad latitude to determine the conditions of probation, Code § 19.2-303; fix the period of suspension "without regard for the maximum [sentence]," Code § 19.2-303.1; and to revoke the suspended sentence "for any cause the court deems sufficient," Code § 19.2-306(A). Id. at 637, 721 S.E.2d at 825-26. If the trial court fails to specify a period of suspension, then the defendant is subject to revocation for "any cause . . . that occurred within the maximum period for which the defendant might originally have been

sentenced to be imprisoned." Code § 19.2-306(A). It is also within the trial court's discretion to extend the time period of suspension upon revocation and resuspension of a sentence. Dunham, 59 Va. App. at 639 n.2, 721 S.E.2d at 827 n.2; see also Code § 19.2-304 ("The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation.").

Given this broad statutory authority, we "review[] a trial court's decision[s] regarding suspension . . . under an abuse of discretion standard." Dunham, 59 Va. App. at 638, 721 S.E.2d at 826. "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Henderson v. Commonwealth, 59 Va. App. 641, 649, 722 S.E.2d 275, 279 (2012) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)). The same standard of review applies to a trial court's decision to enter a *nunc pro tunc* order. Harris v. Commonwealth, 222 Va. 205, 209, 279 S.E.2d 395, 398 (1981). The court has both inherent and statutory authority to correct inaccuracies in its records and judgments. See Code § 8.01-428(B) ("Clerical mistakes in all judgments . . . arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative."); Jefferson v. Commonwealth, 269 Va. 136, 140, 607 S.E.2d 107, 110 (2005).

Here, the trial court did not abuse its discretion when it entered a *nunc pro tunc* order to add the period of suspension to the 2009 order. The transcript of the 2009 hearing shows that the trial court ruled that the period of suspension would run for five years from the date of the hearing. The relevant portion of the transcript reads, "four years, eight months, and fifteen days, and the [c]ourt will resuspend that amount of time . . . for five years." The written order from 2009, however, failed to specify a time period. When this error was brought to the trial court's attention in 2012, it entered a *nunc pro tunc* order showing that the time was suspended for five years from the date of the 2009 hearing. The trial court did not abuse its discretion in modifying

the written order to accurately reflect its ruling. As the trial court noted, the change was actually to Hopkins's benefit.[1]

We need not reach the issue of whether Hopkins's appearance at the 2009 hearing was properly waived by counsel because the issue is barred as an untimely collateral attack. Appellant had twenty-one days from the date of the 2009 order to attack it in the trial court, or thirty days to file an appeal to this Court. See Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990). Appellant failed to pursue either remedy. Raising this challenge now, in an appeal from a 2012 revocation hearing, constitutes a prohibited collateral attack on the 2009 order. See id. As this Court held in Dunham, such an attack is barred unless the 2009 order was void, and a "sentencing order revoking a suspended sentence is not void when the trial court had jurisdiction over the subject matter and the parties." 59 Va. App. at 639, 721 S.E.2d at 827. Although appellant argues that the trial court erred when his sentence was revoked in absentia in 2009, he does not argue that the trial court had no jurisdiction over him. Under the terms of the 2005 sentencing order and the 2007 revocation order, the trial court had jurisdiction over the appellant and the subject matter at the time of the 2009 hearing. See Jones v. Commonwealth, 227 Va. 425, 429, 317 S.E.2d 482, 484 (1984).

> It would be wholly unrealistic to say . . . [although] a court may possess jurisdiction of the offense and the alleged offender when it commences a felony trial, it is ousted of jurisdiction by the absence of the accused from some later part of the trial. "[I]t is axiomatic that when a court acquires jurisdiction of the subject matter and the person, it retains jurisdiction until the matter before it has been fully adjudicated."

---

[1] Code § 19.2-306(A) states that where the court fails to specify a period of suspension, the defendant is subject to revocation for "the maximum period for which the defendant might originally have been sentenced to be imprisoned." Appellant was originally convicted of a Class 5 felony—possession of cocaine under Code § 18.2-250(A)(a)—and was subject to imprisonment for a maximum of ten years under Code § 18.2-10(e). Thus, the trial court's *nunc pro tunc* order actually reduced appellant's exposure to revocation by five years.

Id. (second alteration in original) (quoting <u>Laing v. Commonwealth</u>, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964)).  Because the trial court had jurisdiction over the subject matter and the parties at the time of the 2009 hearing, the resulting order is not void and cannot be attacked in this appeal.

Because appellant's arguments regarding the 2009 order are barred, and the court's *nunc pro tunc* entry was supported by the hearing transcript, we hold that the trial court did not abuse its discretion in revoking appellant's sentence.

III.

For the foregoing reasons, we affirm.

<u>Affirmed.</u>