COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present: Judges Humphreys, AtLee and Senior Judge Clements
Argued at Lexington, Virginia

CHARLIE LUTHER WILSON, JR.

                                      OPINION BY
v.      Record No. 1658-15-3        JUDGE ROBERT J. HUMPHREYS
                                    NOVEMBER 29, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Sharon E. Ashby, Assistant Public Defender, for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Charlie Luther Wilson, Jr. ("Wilson") appeals the October 13, 2015 decision of the

Circuit Court of the City of Danville (the "circuit court") revoking his suspended sentence and

sentencing him to twelve months' incarceration. Wilson's single assignment of error is that the

circuit court lacked authority to revoke his suspended sentence at the October 13, 2015

revocation hearing because the circuit court's February 8, 2011 probation extension order failed

to properly extend his probation period for two reasons: (1) the October 26, 2005 restitution

order was improperly delegated to the probation officer, rather than determined by the circuit

court as required by Code § 19.2-305.1(D), thus any subsequent order is invalid, and (2) his

probation period had previously expired, on April 23, 2010, by the time the February 8, 2011

probation extension order was entered.

I.  Background

On October 26, 2005, Wilson, who had theretofore entered *nolo contendere* pleas and had been convicted of involuntary manslaughter and possession of a firearm after having been previously convicted of a felony, was sentenced by the circuit court to a term of five years' imprisonment with two years and six months suspended for the involuntary manslaughter conviction, and five years' imprisonment with three years suspended for possession of a firearm as a convicted felon.  Wilson's sentences ran consecutively, thus, he was to serve four years and six months of imprisonment and had five years and six months of suspended time.  Additionally, the circuit court ordered that Wilson "shall pay restitution in the amount *to be determined by the Probation Officer . . . .*"  (Emphasis added).  The October 26, 2005 sentencing order did not contain a requirement to make specific monthly payments or a date certain by which Wilson must fulfill his restitution obligation.  Further, the circuit court's October 26, 2005 order "placed [Wilson] on probation to commence upon release from incarceration, under the supervision of a Probation Officer for twelve (12) months."[1]

On May 1, 2009, Wilson was placed on probation supervision.  Wilson's date of release from probation supervision was April 23, 2010.  On July 7, 2010 Wilson and his probation officer, Shawn M. Trimble ("Trimble"), signed a voluntary extension of probation agreement stating that Wilson "agree[d] to waive his probation revocation hearing . . . , and have [his] probation supervision extended until all court costs, fines, and restitution are paid in full."  The record is silent as to whether Wilson had the assistance of legal counsel when he signed the July 7, 2010 voluntary extension of probation agreement.

---

[1] The October 26, 2005 sentencing order also directed Wilson to remain on good behavior for eight years after release from probation and to pay court costs of $1,995.

On February 2, 2011, Trimble sent the circuit court a letter titled "REQUEST: Voluntary Extension of Supervised Probation" asking for Wilson's supervised probation to be "extended indefinitely until all restitution is paid in his case." In this letter to the circuit court, Trimble explained that Wilson adjusted well to supervised probation "with the exception of paying [his] restitution." Further, Trimble informed the circuit court about the July 7, 2010 signed voluntary probation extension agreement and that Wilson's restitution balance was $6,046.27. On February 8, 2011, the circuit court granted Trimble's request and issued an order stating that "upon the request of the Probation Officer by letter dated February 2, 2011, and [with] the written consent of the probationer, the period of probation for the said Charlie Luther Wilson, Jr. is hereby extended to allow defendant additional time to pay restitution." This order effectively placed Wilson on probation indefinitely until he paid his restitution in full.

Over four years later, on April 1, 2015, Jessica Echols ("Echols"), a probation and parole officer with the Department of Corrections, issued a major violation report (the "violation report") against Wilson. The violation report states that Wilson had not made a restitution payment since July 11, 2013 and that he still owed restitution in the amount of $3,241.27. Wilson was sent a letter requesting him to report to the probation office on March 26, 2015. Because he was in Maryland for a family emergency, Wilson contacted the probation office explaining that he would be late for his March 26, 2015 appointment. In response, the probation office told Wilson that he had never been issued a pass to leave the Commonwealth of Virginia to go to Maryland and told him to return to the probation office immediately. Wilson arrived at the probation office on March 26, 2015.

On March 26, 2015, Wilson explained to the probation office that he had been giving his wife the money for his restitution payments and she had not been paying it. Additionally, Wilson told the probation office that he had no new criminal charges against him. However,

- 3 -

after the probation officer ran a criminal records check, it was discovered that Wilson had been arrested on February 15, 2015 in Richmond County, Georgia for driving under the influence ("DUI") and driving without a license. Wilson had not been issued a pass from the probation office to go to Georgia. Finally, Wilson was screened for drugs during his March 26, 2015 probation office visit. The drug screen returned positive for marijuana and cocaine.

A revocation hearing was held on October 13, 2015, at which time Wilson was present and was represented by appointed counsel. Wilson denied the allegations of the violation report. Probation Officer Erica Stump ("Stump"), who was acting as a substitute for Echols, testified that Wilson's conditions of probation did have a minimum expiration date of April 23, 2010, but that his probation term had been indefinitely extended on February 8, 2011 for failure to pay restitution. Stump testified that Wilson's only restitution payment since 2013 came on September 9, 2015 in the amount of $225 and that as of October 6, 2015, Wilson's restitution balance was $3,016.27. Further, Stump testified that, on February 15, 2015, Wilson was arrested in Richmond County, Georgia for DUI and driving without a license and that he did not have permission from the probation office to travel to Georgia.[2]

At the October 13, 2015 revocation hearing, Wilson made a motion to strike arguing that the October 26, 2005 sentencing order improperly delegated the circuit court's responsibility to set the restitution amount by ordering Wilson to "pay restitution in the amount to be determined by the Probation Officer." Wilson argued that the probation office did not have the authority to extend probation. The circuit court overruled Wilson's motion to strike stating that "to the extent the Order is incomplete with respect to a restitution figure, it may make the Order voidable, but not void."

---

[2] Wilson's DUI charge in Georgia was dismissed.

Ultimately, on October 13, 2015, the circuit court entered its revocation order finding Wilson in violation of the terms and conditions of his suspended sentence and imposed a sentence of five years and six months with four years and six months suspended. Thus, Wilson must serve twelve months' imprisonment.[3] Notably, the circuit court did not revoke Wilson's suspended sentence for failure to pay restitution. Instead, the list of violations included (1) that Wilson failed to report an arrest within three days—the arrest cited was the Georgia DUI on February 15, 2015, (2) that he lied to the probation office on March 26, 2015 about the February 15, 2015 DUI arrest, (3) that he tested positive for a controlled substance on March 26, 2015, and (4) that he left the Commonwealth of Virginia without permission.

## II. Analysis

### A. Standard of Review

"[T]he authority of the trial court to revoke [an] appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*." Hodgins v. Commonwealth, 61 Va. App. 102, 107, 733 S.E.2d 678, 680 (2012). Probation statutes provide a remedial tool in the rehabilitation of criminals and, to that end, should be liberally construed. Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000).

### B. Improper Delegation of Restitution Determination

In challenging the circuit court's authority to revoke his suspended sentence at the October 13, 2015 revocation hearing, Wilson first argues that the circuit court's February 8, 2011 probation extension order failed to extend his probation period because the October 26, 2005

---

[3] The circuit court also placed Wilson on two years' probation following his release from incarceration followed by five years of good behavior.

restitution order was improperly delegated to the probation officer, rather than determined by the circuit court as required by Code § 19.2-305.1(D), thus any subsequent order is invalid.

In relevant part, Code § 19.2-305.1(D) states that "[a]t the time of sentencing, the court shall determine the amount to be repaid by the defendant and the terms and conditions thereof." The amount of restitution to be paid by the defendant is within the sole province of the circuit court to determine and that determination may not be delegated to another department of government. See Code § 19.2-305.2; see also McCullough v. Commonwealth, 38 Va. App. 811, 815, 568 S.E.2d 449, 451 (2002) (holding "[p]art of the sentencing phase of trial, the [restitution] amount is determined following conviction and is a matter resting within the sole province of the sentencing judge"). In this case, the circuit court's October 26, 2005 sentencing order stated that the "defendant shall pay restitution in the amount to be determined by the Probation Officer." Therefore, as a matter of law, we hold that the circuit court improperly delegated the determination of Wilson's restitution amount to the probation officer.

While we agree with Wilson that the circuit court improperly delegated the determination of Wilson's restitution amount to the probation officer in its October 26, 2005 sentencing order, we disagree with Wilson that that improper delegation negates any restitution ever being ordered.

> [I]t is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid.

Robertson v. Commonwealth, 181 Va. 520, 536-37, 25 S.E.2d 352, 359 (1943).

Wilson's argument that the October 26, 2005 restitution order is invalid is an improper collateral attack. Any challenge to the validity of the circuit court's orders must have been made

within twenty-one days of the entry of the order in question. See Rule 1:1; Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990) ("When the trial court rendered judgment, Simmers had two options available to him. He had twenty-one days from the date of the order to attack it in the trial court, or he could have timely petitioned this Court for an appeal. He did neither, but instead accepted the benefit of the court's suspension of sentence. Since the judgment of the trial court was not void, Simmers may not sustain a collateral attack at this date."). Because the circuit court clearly had subject matter jurisdiction to order restitution in the October 26, 2005 sentencing order, it was not void but merely voidable. Wilson failed to timely challenge the validity of the circuit court's sentencing order, thus his challenge to the order now comes too late and is an impermissible collateral attack on that order.

### C. Lack of Jurisdiction: Code § 19.2-306(A)

Next, Wilson argues that the circuit court's February 8, 2011 probation extension order failed to validly extend his probation period because his probation period had previously expired on April 23, 2010. In other words, Wilson argues that the circuit court no longer could exercise its jurisdiction pursuant to Code § 19.2-306(A).

"The imposition and revocation of a suspended sentence is governed by statute." Dunham v. Commonwealth, 59 Va. App. 634, 637, 721 S.E.2d 824, 825 (2012). Pursuant to Code § 19.2-303, a circuit court possesses the authority to "suspend imposition of sentence or suspend the sentence in whole or part and . . . place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303.1 authorizes a circuit court to "fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Therefore, "[i]n a typical case following a conviction, the sentencing judge might suspend

- 7 -

part of a sentence, order probation for a specified period, and also specify a period of suspension longer than the period of probation." Carbaugh v. Commonwealth, 19 Va. App. 119, 124, 449 S.E.2d 264, 267 (1994). "Suspension of sentence means 'either delay in the imposition of a sentence for a crime or the staying of execution of the sentence imposed.'" Id. at 123, 449 S.E.2d at 266 (quoting Richardson v. Commonwealth, 131 Va. 802, 808, 109 S.E. 460, 461 (1921)).

Our analysis in this case is complicated by the lack of specificity in the circuit court's orders and the paucity of information in the record which resulted in those orders. Nevertheless, our decision in this case is determined by our application of the plain language of Code § 19.2-306 and by the application of that statute to the sentencing and revocation orders, such as they are, that exist in this case. When interpreting and applying a statute, this Court assumes "that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words." PKO Ventures, LLC v. Norfolk Redevelopment & Hous. Auth., 286 Va. 174, 183, 747 S.E.2d 826, 831 (2013). "The primary objective of statutory construction is to ascertain and give effect to legislative intent. The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). The language of Code § 19.2-306(A) "specifies the periods in which the events amounting to cause for revocation must occur in order for a judge to revoke a suspended sentence." Carbaugh, 19 Va. App. at 123, 449 S.E.2d at 266. Code § 19.2-306(A) provides, in pertinent part, that a circuit court may revoke a previously suspended sentence "for any cause the court deems sufficient that occurred at *any time within the probation period, or within the period of suspension fixed by the court*." (Emphasis added).

Proceedings for revocation of suspended sentences are within the subject matter jurisdiction of the circuit courts. Dunham, 59 Va. App. at 640, 721 S.E.2d at 827. "A sentencing

- 8 -

order revoking a suspended sentence is not void when the trial court 'had jurisdiction over the subject matter and the parties.'" Id. at 639, 721 S.E.2d at 827 (quoting Simmers, 11 Va. App. at 379, 398 S.E.2d at 695). Thus, a sentencing order revoking a suspended sentence is void when the circuit court did not have jurisdiction over the subject matter and the parties. As both this Court and our Supreme Court stated in Ghameshlouy v. Commonwealth, 279 Va. 379, 388, 689 S.E.2d 698, 702 (2010) (quoting Ghameshlouy v. Commonwealth, 54 Va. App. 47, 57, 675 S.E.2d 854, 859 (2009) (Haley, J. dissenting)), "jurisdiction is a word of many, too many meanings." However, in Ghameshlouy, our Supreme Court provided the following guidance:

> [S]ubject matter jurisdiction, perhaps best understood as the "potential" jurisdiction of a court, is the authority granted to it by constitution or statute over a specified class of cases or controversies, and becomes "active" jurisdiction, the power to adjudicate a particular case upon the merits, only when various elements are present.
>
> "Those elements are subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree. All these elements are necessary to enable a court to proceed to a valid judgment."

Id. at 388-89, 689 S.E.2d at 702-03 (quoting Board of Supervisors v. Board of Zoning Appeals, 271 Va. 336, 343-44, 626 S.E.2d 374, 379 (2006)).

In Dunham, this Court held that "because the trial court had subject matter jurisdiction over appellant's 1998 revocation hearing when it decided to extend the period of suspension, the 1998 sentencing order is not void. As a result, appellant cannot collaterally attack the 1998 sentencing order in this case." 59 Va. App. at 640, 721 S.E.2d at 827. Put another way, by the plain language of the statute as it applies to this case, a circuit court has "active" jurisdiction over

- 9 -

a defendant to revoke a suspended sentence for any act that occurs at any time *either* within the probation period, or within the period of suspension fixed by the court.

Here, we are presented with the opposite circumstance of what occurred in <u>Dunham</u>. If the circuit court lacked "active" jurisdiction over Wilson when it extended his probation in its February 8, 2011 order, Wilson can collaterally seek to void the 2011 probation order that extended the period of suspension.

Pursuant to Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." While "[a] court retains the authority to revoke a suspended sentence despite the proscriptions of Rule 1:1," <u>Wright v. Commonwealth</u>, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000), it does not retain the authority to retroactively extend its "active" jurisdiction to do so. Here, the original October 26, 2005 sentencing order, in pertinent part, sentenced Wilson to be "placed on probation to commence upon release from incarceration, under the supervision of a Probation Officer for twelve (12) months." Wilson was released to supervised probation on May 1, 2009. Pursuant to the sentencing order, he was scheduled to be released from supervised probation on April 23, 2010. Thus, the circuit court had twenty-one days from April 23, 2010 to extend its "active" jurisdiction for Wilson to remain on supervised probation.

Here, more than ten weeks had elapsed after the expiration of the period of suspension fixed by the court in its sentencing order until Trimble had Wilson sign an agreement on July 7, 2010 for extension of probation supervision, stating that Wilson "agreed to waive a probation revocation hearing in the [] [c]ircuit [c]ourt and have [his] probation supervision extended until all court costs, fines, and restitution are paid in full." "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." <u>Hodgins</u>, 61 Va. App. at 108,

733 S.E.2d at 681 (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997)). It took well over nine months from April 23, 2010 for the circuit court, on February 8, 2011, to enter an order stating that "the period of probation for [Wilson] is hereby extended to allow defendant additional time to pay restitution." This was error. By the time it entered its order doing so, the circuit court no longer had active jurisdiction to extend Wilson's probation and Wilson's signature on an agreement to extend jurisdiction was ineffective. See Andrews v. Richmond Redevelopment & Hous. Auth., 292 Va. 79, 84, 787 S.E.2d 96, 99 (2016) ("Under settled principles, such jurisdiction 'cannot be conferred on the court by the litigants' and a challenge to it 'cannot be waived.'" (quoting Virginian-Pilot Media Cos. v. Dow Jones & Co., 280 Va. 464, 468, 698 S.E.2d 900, 902 (2010))). Thus, applying the plain language of the statute, we hold that Wilson was not on supervised probation after April 23, 2010 nor at the time the circuit court revoked his suspended sentence on October 13, 2015.

However, this does not end our analysis because notwithstanding any probation status, Code § 19.2-306(A) extends jurisdiction to a circuit court to revoke a previously suspended sentence "for any cause the court deems sufficient that occurred at any time within the probation period, *or within the period of suspension fixed by the court*." Although we have determined that the probation period was no longer in effect by the time the circuit court revoked Wilson's suspended sentence on October 13, 2015, under the plain language of the statute, the circuit court still had the jurisdiction and authority to revoke Wilson's suspended sentence for any cause deemed sufficient that occurred at any time within the period of suspension fixed by the circuit court. Nevertheless, it failed to do so.

Upon his release from confinement on May 1, 2009, Wilson still had five years and six months of suspended time. The October 13, 2015 revocation order lists the reasons for revocation. The list of alleged violations included (1) that Wilson failed to report an arrest

- 11 -

within three days—the Georgia DUI arrest on February 15, 2015, (2) that he lied to the probation office on March 26, 2015 about the February 15, 2015 DUI arrest, (3) that he tested positive for a controlled substance on March 26, 2015, and (4) that he left the Commonwealth of Virginia without permission on February 15, 2015.

Applying the language of Code § 19.2-306(A), the authority of the circuit court to revoke Wilson's suspended sentence extended from the day of his release from incarceration until November 1, 2014 which represents the five years and six months of his suspended sentence.[4] Therefore, the circuit court had "active" jurisdiction to find Wilson in violation of the conditions for his suspended sentence during the period of five years and six months from May 1, 2009. Thus, the "active" jurisdiction of the circuit court to revoke Wilson's suspended sentence terminated, by operation of the statute, for any action by Wilson that occurred after November 1, 2014. Not one of the four cited violations in the list of revocation violations occurred prior to November 1, 2014. Therefore, the circuit court erred in revoking Wilson's suspended sentence because it no longer had "active" jurisdiction to do so.[5] See Code § 19.2-306(A).

---

[4] The record is unclear as to Wilson's exact incarceration release date. May 1, 2009 is the date closest in time to his incarceration release date because it was the date he was released to probation supervision which, given the presumption of regularity should have occurred immediately upon his release from confinement. However, even the later May 1, 2009 date does not affect our calculation regarding the expiration of the circuit court's jurisdiction.

[5] We acknowledge that the original October 26, 2005 sentencing order also placed Wilson on good behavior for eight years. However, the circuit court's October 13, 2015 revocation order did not revoke Wilson for failure to be of good behavior during the time it retained jurisdiction over Wilson. Therefore, because a court speaks only through its orders we cannot consider whether Wilson violated the good behavior requirement of his original sentencing order.

Conclusion

Because the circuit court lacked jurisdiction to do so, we reverse the circuit court's October 13, 2015 judgment finding Wilson in violation of his probation and we remand this matter to the circuit court for the entry of an order consistent with this opinion.

<u>Reversed and remanded.</u>