COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

TONY LYNELL BOST

v.      Record No. 1302-17-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
JULY 24, 2018

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Alexander R. Iden, Judge

Christopher E. Collins (Buchbauer & McGuire, P.C., on brief), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant, Tony Lynell Bost, contends that the trial court erred in imposing a five-year

term of unsupervised probation after the court revoked appellant's two previously suspended

sentences, which totaled eight years, and re-suspended four years.  We affirm the trial court's

ruling.

Appellant was convicted in August 2014 of two counts of distribution of cocaine and

sentenced to a total of ten years in prison, with eight years suspended.  As a condition of the

suspended sentences, the trial court ordered that appellant be placed on supervised probation for

two years following his release from incarceration.  Appellant was released from prison on May

21, 2015.  After appellant's probation officer reported to the trial court that appellant had

violated the terms of his probation in October 2015, the trial court issued a capias for appellant.

Appellant was arrested on November 19, 2015.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The revocation hearing was not held until June 23, 2017, because it was continued nine times – eight times on appellant's motion and once on a joint motion with the Commonwealth. Appellant admitted that he had violated the terms of his probation. The court revoked the previously suspended sentences, re-suspended four years, and ordered that appellant serve four years. The court also directed that appellant be placed on unsupervised probation for five years commencing upon his release from incarceration.

Appellant obtained new counsel, who filed a motion to reconsider the sentence imposed. At the hearing on the motion on August 10, 2017, appellant argued that the court did not have jurisdiction to impose an additional five years of probation because the two-year probationary period, which the court had ordered initially, had expired on May 21, 2017. The court denied the motion. Appellant appealed to this Court, challenging only the court's order imposing five years of unsupervised probation.[1]

An appeal involving jurisdiction is reviewed under a *de novo* standard. See, e.g., Holland v. Commonwealth, 62 Va. App. 445, 451, 749 S.E.2d 206, 209 (2013). Subject matter jurisdiction is authority over a specified class of cases or controversies granted to a court by constitution or statute. See Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010). Subject matter jurisdiction is distinguished from a court's authority to exercise its power to hear a particular case. See Porter v. Commonwealth, 276 Va. 203, 227-37,

---

[1] The Commonwealth argues that appellant's assignment of error is limited to challenging only the trial court's subject matter jurisdiction, and thus appellant has waived any further challenge to the court's exercise of its jurisdiction. We assume in this case that appellant has not waived his argument regarding the court's exercise of its jurisdiction. See Dunham v. Commonwealth, 59 Va. App. 634, 638, 721 S.E.2d 824, 826 (declining to determine whether Rule 5A:18 barred consideration of the issue defendant had raised, as "even assuming" that defendant's claim was not barred, his argument lacked merit), aff'd per curiam, 284 Va. 511, 733 S.E.2d 660 (2012); see also Mohamed v. Commonwealth, 56 Va. App. 95, 100 n.2, 691 S.E.2d 513, 515 n.2 (2010) (finding that appellant's assignment of error was "broad enough to encompass both the legal issues of subject matter jurisdiction and the authority to exercise jurisdiction").

661 S.E.2d 415, 426-31 (2008). Thus, subject matter jurisdiction is "potential" jurisdiction that becomes "active," giving the court "the power to adjudicate a particular case upon the merits, only when various [additional] elements . . . are present." Ghameshlouy, 279 Va. at 388-89, 689 S.E.2d at 702-03 (quoting Bd. of Supers. v. Bd. of Zoning Appeals, 271 Va. 336, 343, 626 S.E.2d 374, 379 (2006)).

The trial court had subject matter jurisdiction over appellant's revocation hearing in 2017 because revocation proceedings are statutorily "part of the criminal process entrusted to the circuit court." Mohamed v. Commonwealth, 56 Va. App. 95, 100, 691 S.E.2d 513, 515 (2010); see also Code § 17.1-513 (stating that a circuit court has original jurisdiction over all indictments for felonies and all presentments, indictments, and informations for misdemeanors). Indeed, appellant is not challenging the revocation of his suspended sentences, the imposition of the four-year term of incarceration, and the re-suspension of four years. Rather, he contends that the court could not impose an additional probationary period. However, even if the court's ruling was erroneous, the court did not exceed its subject matter jurisdiction. See Nicholas v. Commonwealth, 186 Va. 315, 320, 42 S.E.2d 306, 309 (1947) (holding that the power to decide a case necessarily includes the power to decide wrongly, and a court does not exceed its subject matter jurisdiction whenever it makes an erroneous ruling); see also Highsmith v. Commonwealth, 25 Va. App. 434, 443, 489 S.E.2d 239, 243 (1997).

Appellant argues that Code § 19.2-304 controls the outcome of his case. The statute provides that "[t]he court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth." Appellant contends that because the statute does not address extensions of probation after the initial probation period has expired,

the circuit court could not impose another period of probation after the two-year probationary period imposed in 2015 expired on May 21, 2017.

Issues of statutory construction are reviewed *de novo*. Hodgins v. Commonwealth, 61 Va. App. 102, 107, 733 S.E.2d 678, 680 (2012). "Probation statutes provide a remedial tool in the rehabilitation of criminals and, to that end, should be liberally construed." Wilson v. Commonwealth, 67 Va. App. 82, 89, 793 S.E.2d 15, 18 (2016). The appellate court looks first to the language of the statute, as the court is "bound by the plain meaning of that statutory language" if the language is unambiguous. Alston v. Commonwealth, 274 Va. 759, 769, 652 S.E.2d 456, 462 (2007) (quoting Lee Cty. v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002)). Further, when construing multiple statutes, the court must "view the entire body of legislation and the statutory scheme 'to determine the true intention of each part.'" Lamb v. Commonwealth, 40 Va. App. 52, 56, 577 S.E.2d 530, 532 (2003) (quoting McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957)). Unless a different purpose is clearly shown, "statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished." Alston, 274 Va. at 769, 652 S.E.2d at 462 (quoting Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 7 (1957)).

A sentence may be suspended without probation, but probation cannot be imposed unless a sentence is suspended. See Collins v. Commonwealth, 269 Va. 141, 145, 607 S.E.2d 718, 721 (2005). Accordingly, Code § 19.2-304 must be read in conjunction with Code § 19.2-306, which addresses the suspension of sentences. Subsection A of Code § 19.2-306 provides that "the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."

Code § 19.2-306(B) further provides the defendant must be given notice of a reported violation "within one year after the expiration of the period of probation or the period of

suspension," or if neither period was fixed by the court, "within one year after the expiration of the maximum period for which the defendant might originally have been sentenced to be incarcerated." If the court finds after a hearing that the defendant has violated the terms of his suspension, "the court shall revoke the suspension and . . . may again suspend all or any part of this sentence *and may place the defendant upon terms and conditions or probation*." Code § 19.2-306(C)(ii) (emphasis added).

Here, appellant's original two-year probationary period was a condition of his suspended sentences. Under Code § 19.2-306, upon a finding that appellant had violated his probation by committing new offenses, the trial court had authority to revoke and re-suspend any part of the sentence and to impose new terms and conditions for the suspension or probation. See Dunham v. Commonwealth, 59 Va. App. 634, 639 n.2, 721 S.E.2d 824, 826 n.2, aff'd per curiam, 284 Va. 511, 733 S.E.2d 660 (2012) (recognizing that a trial court may increase the suspension period imposed in an original sentencing order upon revocation and re-suspension of the sentence); Reinke v. Commonwealth, 51 Va. App. 357, 367-68, 657 S.E.2d 805, 811 (2008) (holding that revocation and re-suspension under Code § 19.2-306(C) was a "new sentencing event" in which the trial court could impose new conditions on a re-suspended sentence).

Furthermore, "[a] statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992); accord Jacobs v. Commonwealth, 61 Va. App. 529, 538, 738 S.E.2d 519, 523 (2013). Adopting appellant's interpretation of Code § 19.2-304 is inconsistent with that principle. Appellant's admitted violations occurred in August and October 2015, and he was given notice of the reported violations in October 2015. Under Code § 19.2-306(B), notice could have been given within one year of May 21, 2017, or by May 21, 2018. It does not follow logically that, even though under Code § 19.2-306(B), notice of a reported violation could be given after the probation period

expired, the court could not impose another probation period as a condition for re-suspending a revoked sentence.  Appellant's interpretation would render Code § 19.2-306(C) superfluous and is contrary to well-established rules of statutory construction.  See Sandidge v. Commonwealth, 67 Va. App. 150, 159, 793 S.E.2d 836, 841 (2016) (stating that "every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary" (quoting Baker v. Commonwealth, 284 Va. 572, 577, 733 S.E.2d 642, 645 (2012))); Epps v. Commonwealth, 59 Va. App. 71, 80, 717 S.E.2d 151, 155 (2011) (holding that "whenever possible," statutory language should be interpreted "to avoid rendering other statutory language superfluous").

Finally, appellant's revocation hearing would have been held within the two-year probationary period but for his requests for eight continuances.  Code § 19.2-306 does not prescribe the time period when the revocation hearing may be held when proper notice has been given, as it had in this case.[2]  Appellant's multiple requests for continuances operated as a waiver that precludes his present complaint that the court exceeded its authority to act.  See generally Rowe v. Commonwealth, 277 Va. 495, 501-02, 675 S.E.2d 161, 164 (2009) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.  Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006))).

For these reasons, we affirm the ruling of the trial court.

Affirmed.

---

[2] Cf. Code § 19.2-243 (stating that for determining whether a defendant has received a speedy trial, the prosecution must be "*commenced* in the circuit court" within five or nine months of certain events and that continuances requested or concurred in by the defendant toll the running of the speedy trial clock (emphasis added)).