COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Humphreys, Petty and Beales
Argued by videoconference

TONI SUE STACEY

v.        Record No. 1099-19-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
MARCH 9, 2021

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Elliott M. Harding (Harding Counsel, PLLC, on briefs), for
appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Following a bench trial, appellant Toni Stacey ("Stacey") was convicted in the Circuit

Court of Albemarle County ("circuit court") of owning a dangerous dog ("Niko") that killed

another person's companion animal in violation of Code § 3.2-6540. She was sentenced to

ninety days in jail with ninety days suspended, on the condition that Niko be euthanized. On

December 8, 2016, the circuit court placed a stay on Niko's euthanization pending the outcome

of a civil suit brought by Niko's co-owner. On May 24, 2019, the circuit court lifted the stay and

ordered Niko to be euthanized. On May 28, 2019, Stacey filed a motion to vacate the May 24,

2019 euthanization order, which was denied. Stacey appeals the circuit court's decision and

argues that it erred in holding that, under Code §§ 3.2-6540 and 3.2-6562, it had the authority

and discretion to order a dangerous dog be euthanized.

## I. BACKGROUND

The background relating to the analysis of the assignment of error in this case is both convoluted and confusing but is essentially as follows:

Stacey's dog, Niko, had previously been designated a dangerous dog pursuant to Code § 3.2-6540 after Niko attacked another dog. Approximately eight months later, on December 28, 2014, Niko killed a neighbor's cat in Albemarle County. After a bench trial, Stacey was convicted of a misdemeanor for owning a previously declared dangerous dog that killed another person's companion animal. The August 6, 2015 sentencing order entered by the circuit court does not specify what subsection of Code § 3.2-6540(O) Stacey was convicted of violating. The briefs by the parties also cite different and inconsistent statutory provisions regarding Stacey's conviction. Thus, it is unclear whether Stacey was convicted of a Class 1 or Class 2 misdemeanor. Nevertheless, on August 6, 2015, Stacey was sentenced to ninety days in jail with ninety days suspended. The sentencing order clearly states that Niko's euthanization was a condition of Stacey's suspended sentence.

Stacey timely appealed her conviction to this Court, which was denied on March 25, 2016. See Stacey v. Commonwealth, No. 1126-15-2 (Va. Ct. App. Mar. 25, 2016). On appeal, her sole assignment of error was that the circuit court was plainly wrong as to the sufficiency of the evidence. She maintained that there was insufficient evidence presented at trial that Niko had been declared a dangerous dog and that he subsequently killed a neighbor's cat. In denying her petition for appeal, this Court held that, based on the record below, the circuit court's decision "was not plainly wrong or without supporting evidence" and affirmed the lower court's ruling. Stacey subsequently appealed to the Supreme Court of Virginia, and her petition was denied. On December 8, 2016, the circuit court issued an order for Niko to be euthanized because Stacey had exhausted all her rights of appeal.

On December 16, 2016, the circuit court ordered a stay in Niko's euthanization pending the outcome of a related civil suit filed by Stacey's partner, Audrey Wells ("Wells").[1] See Wells v. Albemarle Cnty., No. CL16000889-00 (Alb. Cnty. Cir. Ct. Dec. 16, 2016).

On May 13, 2019, after Wells had exhausted her appeals, Stacey submitted a motion to lift the stay on the euthanasia order and asked the circuit court to enter an order for Niko's disposal pursuant to Code § 3.2-6562. The language Stacey used in her May 13, 2019 motion and proposed order differed significantly from the language in the circuit court's original August 6, 2015 sentencing order directing Niko's euthanization. On May 17, 2019, the circuit court granted Stacey's motion and, using the language from her proposed order, ordered Niko be disposed of pursuant to Code § 3.2-6562 instead of ordering him to be "euthanized."

On May 24, 2019, the Commonwealth asked the circuit court to clarify the terms of the May 17, 2019 disposal order. Subsequently, the circuit court, *sua sponte*, entered a new order on May 24, 2019, that "reinstat[ed] its [o]rder of December 8, 2016, [directing] the dog 'Niko' or 'Nikko' be euthanized."

On May 28, 2019, Stacey filed a motion for the circuit court to vacate its May 24, 2019 euthanasia order, arguing for the first time that Code § 3.2-6540 did not authorize the circuit court to order Niko's euthanization. Following a hearing, the circuit court issued a letter opinion that denied Stacey's motion and again ordered Niko be disposed of by euthanization. This appeal follows.

---

[1] Curiously, the circuit court entered the December 16, 2016 stay of euthanization in the style of Commonwealth v. Stacey as opposed to the active civil case which served as the basis for the stay, Wells v. Albemarle County, et al. On December 16, 2016, the final order in Commonwealth v. Stacey had been in place since August 6, 2015, over a year earlier.

## II. ANALYSIS

### A. Standard of Review

Although "[j]udicial interpretation of a statute is a question of law that this Court reviews *de novo*," we conclude that we need not engage in that exercise as Stacey has waived appellate consideration of the error she assigns. Dunne v. Commonwealth, 66 Va. App. 24, 29 (2016) (citing Ainslie v. Inman, 265 Va. 347, 352 (2003)).

### B. Waiver and Law of the Case

Stacey argues that the circuit court erred in its July 2, 2019 letter opinion in which the court concluded it could specifically order a dog to be euthanized pursuant to Code §§ 3.2-6540 and 3.2-6562. Stacey maintains that while a circuit court may order a dangerous dog's disposal, the law grants the local animal control officer discretion regarding which disposal method to use—euthanasia being only one of the available options. As a result, she argues that the circuit court did not have authority to direct Niko's euthanization.

However, Stacey's criminal sentence was explicitly suspended on the condition that her dog, Niko, be euthanized. Code § 19.2-303 grants circuit courts the authority to suspend a criminal sentence on a condition of probation "as the court shall determine." "Inherent in the power granted under § 19.2-303 . . . to suspend imposition or execution [of sentence,] is the power to place conditions on such suspension." Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085 (1991) (alterations in original) (quoting Grant v. Commonwealth, 223 Va. 680, 685 (1982)). That statute "places wide discretion in the trial court to determine what conditions are to be imposed in each particular case." Id. The Virginia Supreme Court and this Court have noted that Code § 19.2-303 affords circuit courts great liberty and discretion in fashioning conditions of probation. See id. The circuit court is limited only in that its condition must be

"reasonable." Id. A reasonable condition of probation takes into consideration the nature of the offense, the background of the offender, and the surrounding circumstances. See id. at 1086.

In the present case, the circuit court exercised its authority to suspend a criminal sentence conditioned upon Niko's euthanization. Stacey neither objected to the reasonableness of this condition of probation in the circuit court nor did she assign error to the conditions of her suspended sentence on direct appeal to this Court.

To properly preserve a potential error for appeal to this Court, a litigant must *timely* make the circuit court aware of her legal position—the action she desires the court to take or her objections to the action of the court. See Brown v. Commonwealth, 279 Va. 210, 217 (2010). Stacey, in addition to not timely raising the error she assigns now in the circuit court, appealed to this Court ("the first appeal") following her 2015 conviction arguing solely that the evidence presented at trial was insufficient to convict her. We denied her appeal because the record did not reflect that Stacey had objected to the sufficiency of the evidence in the circuit court.[2] "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" See id. (quoting West v. Commonwealth, 43 Va. App. 327, 337 (2004)). Stacey did not object below nor did she assign error on the first appeal regarding the circuit court's authority and discretion to determine how Niko was to be "disposed of."

There are two noteworthy exceptions to Rule 5A:18; this Court may consider a matter not preserved by objection in the trial court for "good cause shown" or "to attain the ends of justice." See Rule 5A:18. However, on her first appeal, Stacey did not ask us to apply either exception.

Moreover, Stacey's current appeal is an impermissible collateral attack on her August 6, 2015 conviction and sentence. "A collateral attack, in general, is an indirect challenge that seeks

---

[2] Pursuant to Rule 5A:8(c), Stacey filed a statement of facts in lieu of a trial transcript.

to avoid the effects of a prior judgment in a subsequent proceeding." Saunders v.

Commonwealth, 62 Va. App. 793, 805 (2014) (quoting Sutherland v. Rasnake, 169 Va. 257,

266-67 (1937)). Unless the underlying judgment was void, collateral attacks on criminal

judgments are disallowed. See Saunders, 62 Va. App. at 802. A circuit court judgment is void if

the court lacked jurisdiction over the subject matter or the parties.[3] See Simmers v.

Commonwealth, 11 Va. App. 375, 379 (1990). Subject matter jurisdiction "is granted to courts

by constitution or statute and . . . delineates a court's ability to adjudicate a defined class of cases

or controversies." Dunhan v. Commonwealth, 59 Va. App. 634, 639-40 (2012).

Virginia circuit courts clearly have statutorily-granted authority to try criminal cases. See

Code § 17.1-513 ("[The circuit courts] shall also have original jurisdiction of all indictments

for . . . misdemeanors."). Stacey was lawfully tried and convicted for a criminal misdemeanor.

Because the circuit court had jurisdiction over both the subject matter, criminal misdemeanors,

and Stacey, a criminal defendant, its sentencing order requiring that Niko be euthanized as a

condition of Stacey's probation was not void but, at best, only voidable for error timely

preserved and timely appealed. See id. Stacey may not now collaterally attack the final order of

judgment of the circuit court by raising an issue that should have been raised at the time the

sentence was pronounced and presented to this Court on direct appeal. See Dunham, 59

Va. App. at 639. As a result, Stacey has waived our consideration of the merits of her appeal by

application of the law of the case doctrine.

The Commonwealth's jurisprudence referred to as the law of the case doctrine states:

> [When] there have been two appeals in the same case, between the
> same parties, and the facts are the same, nothing decided on the

---

[3] Subsequent to oral argument, Stacey cited Wilson v. Commonwealth, 67 Va. App. 82 (2016), in support of her position. However, Wilson is inconsistent with Stacey's legal position on brief and at oral argument that Niko's court-ordered euthanization was *not* a condition of probation but an incorrect interpretation of judicial power to order a dangerous dog's disposal under Code §§ 3.2-6540 and 3.2-6562.

first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law.

Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26 (2008) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620 (1917)).

Under this doctrine, "when a party fails to challenge a decision rendered by a court at one stage of litigation, that party is deemed to have waived her right to challenge that decision during later stages of the 'same litigation.'" Id.; see also Kondaurov v. Kerdasha, 271 Va. 646, 658 (2006). "The 'law of the case' doctrine applies both to issues that were actually decided by the court, and also to issues 'necessarily involved in the first appeal, whether actually adjudicated or not.'" Miller-Jenkins, 276 Va. at 26 (quoting Kemp v. Miller, 160 Va. 280, 285 (1933)). Importantly, this doctrine allows appellate courts to assume without deciding that there may be error in the decision of the lower court. See id. at 27. Accordingly, a decision that becomes the "law of the case" is binding only in the case in which it arose and has no precedential value in other cases. See id.

With these legal principles in mind, we do not address the merits of Stacey's appeal to this Court. Stacey never timely objected to the sentence or the condition under which it was suspended nor did she assign error to them when she previously appealed to us from her criminal conviction. Therefore, she waived whatever alleged errors the circuit court may have made. Any such unpreserved and unappealed errors have now become the law of the case and are binding on the parties in this subsequent appeal.

### III.  CONCLUSION

For the reasons stated above, we decline to address the merits of Stacey's assignment of error and thereby affirm the judgment of the circuit court.  Nevertheless, because the sentencing order does not reflect which provision of Code § 3.2-6540 Stacey was convicted of violating, we remand this case to the circuit court for the sole purpose of clarifying its final order with respect to the nature of the offense.

<u>Affirmed and remanded</u>.