COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Chaney and Lorish
Argued by videoconference


RHETTA M. DANIEL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0685-22-2                      JUDGE CLIFFORD L. ATHEY, JR.
                                                         MARCH 14, 2023

E. GRIER FERGUSON, ALISON R. ZIZZO,
  VANESSA MACIAS STILLMAN, NATHAN OLANSEN,
  GLEN M. ROBERTSON, JOHN F. DAFFRON, JR.,
  W. RANDOLPH CARTER, INDIVIDUALLY AND IN HIS
  OFFICIAL CAPACITY AS THE CLERK OF THE SUFFOLK CIRCUIT COURT,
  H. THOMAS PADRICK, JR.,
  KAREN GOULD, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS
  EXECUTIVE DIRECTOR OF THE VIRGINIA STATE BAR,
  PRESCOTT L. PRINCE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
  ASSISTANT BAR COUNSEL OF THE VIRGINIA STATE BAR,
  ELIZABETH K. SHOENFELD, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY
  AS A FORMER ASSISTANT BAR COUNSEL AND CURRENTLY AS SENIOR
  ASSISTANT BAR COUNSEL AND
  DONALD WAYNE LEMONS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE
  CHIEF JUSTICE OF THE SUPREME COURT OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LOUISA COUNTY
                            Lon E. Farris, Judge Designate


              Rhetta M. Daniel, *pro se*.

              Alan Brody Rashkind (Michele A. Mulligan; Jason S. Miyares,
              Attorney General; Steven G. Popps, Deputy Attorney General;
              Jacqueline C. Hedblom, Trial Section Chief/Senior Assistant
              Attorney General; Amy E. Hensley, Assistant Attorney General;
              David L. Arnold; Matthew R. Hull; John F. Sawyer; Furniss, Davis,
              Rashkind and Saunders, P.C.; Golightly Mulligan & Morgan PLC;
              Pender & Coward, P.C.; Wolcott Rivers Gates, on briefs), for
              appellees.


---

              [*] This opinion is not designated for publication.  *See* Code § 17.1-413.

On appeal, Rhetta M. Daniel ("Daniel") first challenges the designation of retired Thirty-First Circuit Judge Lon E. Farris ("Judge Farris") by Sixteenth Circuit Chief Judge Claude V. Worrell ("Chief Judge Worrell") to preside over a professional discipline case Daniel filed in the Circuit Court of Louisa County ("circuit court"), arguing that, pursuant to Code § 17.1-105(B) "only the Chief Justice of the Supreme Court of Virginia had the authority to designate a judge to preside over the underlying case." Daniel also contends that Judge Farris subsequently erred in holding that the circuit court lacked subject matter jurisdiction to adjudicate this professional discipline case because pursuant to Code § 54.1-3915 and Part 6, § IV, Paragraph 13-2 of the Rules of the Supreme Court, "Virginia courts [are granted] exclusive, sole jurisdiction to discipline attorneys and suspend or revoke the licenses of attorneys practicing law in Virginia." Since we find no error, we affirm the judgment of the circuit court.

## I. BACKGROUND

On June 10, 2021, Daniel, proceeding *pro se*, filed a complaint in the circuit court, seeking to discipline the following twelve named attorneys: E. Grier Ferguson, Alison R. Zizzo, Vanessa Macias Stillman, Nathan Olansen, Glen M. Robertson, John F. Daffron, Jr., H. Thomas Padrick, W. Randolph Carter, individually and in his official capacity as Clerk of the Suffolk Circuit Court, Karen Gould, individually and in her official capacity as the Director of the Virginia State Bar ("VSB"), Prescott L. Prince, individually and in his official position as Assistant Bar Counsel, Elizabeth K. Shoenfeld, individually and in her official position as former Assistant Bar Counsel, now Senior Assistant Bar Counsel, and Donald Wayne Lemons ("Justice Lemons"), individually and in his official position as the Chief Justice of the Supreme Court of Virginia (collectively "the appellees").[1] Daniel alleged that the appellees engaged in "unethical conduct" that violated the

---

[1] The circuit court assigned two separate case numbers in this case. Daniel's claims against Justice Lemons and Director Gould proceeded under CL-21-221 and her claims against the remaining appellees proceeded under CL21-209.

- 2 -

Virginia Supreme Court's Code of Professional Conduct and that Ferguson, Zizzo, Stillman, Olansen, Robertson, Carter, and Daffron violated a number of Virginia statutes while being "facilitated" by the VSB, Gould, Shoenfeld, Prince, and Justice Lemons. Daniel prayed for the circuit court to suspend or revoke all of the appellees' licenses to practice law in the Commonwealth of Virginia. Alternatively, she requested that the circuit court discipline the appellees consistent with the laws of the Commonwealth of Virginia and award her attorney fees and costs.

In response, the appellees demurred to Daniel's complaint. The appellees also specially pled that the circuit court lacked subject matter jurisdiction and was barred from considering alleged professional ethics violations "for alleged misconduct before a different [c]ircuit [c]ourt." The appellees further contended that the circuit court lacked authority to grant Daniel's requested relief and suspend and revoke their licenses to practice law.

While awaiting the hearing on the pre-trial motions in the case, Judge Timothy K. Sanner ("Judge Sanner") notified the parties that he had sent a congratulatory email to Justice Lemons upon learning of Justice Lemons' retirement. Because Justice Lemons was a named party in the case, Judge Sanner volunteered to recuse himself from presiding in the case. In response, Daniel requested he recuse himself, and Judge Sanner then entered a "Recusal Order" requesting that Chief Judge Worrell designate a new presiding judge in the case. By order of designation ("Designation Order"), Chief Judge Worrell designated retired Judge Farris to preside in the case.

Judge Farris subsequently conducted a hearing regarding the jurisdictional issue raised in the appellees' responsive pleadings. During that hearing, Daniel did not object to the designation of Judge Farris as presiding judge and argued against the jurisdictional issues raised by the appellees on the merits. The circuit court subsequently determined that it lacked jurisdiction to decide Daniel's professional ethics claims or to grant the requested disciplinary relief. As a result, by final order, the circuit court dismissed Daniel's complaint with prejudice, holding that Code

§§ 54.1-3915 and 54.1-3934 "do not create a private cause of action permitting the filing of a complaint to adjudicate matters of attorney discipline." Daniel then filed a "Motion for Reconsideration" and "Motion to Vacate" the final orders. For the first time, Daniel claimed that "Judge Farris lacked authority to preside" over these cases. The circuit court subsequently denied Daniel's motion for reconsideration, finding that during the hearing "plaintiff expressed no objection and participated in the argument." The court further noted that Daniel had waived any argument about receiving notice. Daniel timely appealed.

## II. ANALYSIS

### A. *Standard of Review*

Questions of statutory interpretation are pure questions of law that this Court reviews de novo. *City of Charlottesville v. Payne*, 299 Va. 515, 527 (2021). Whether a court possesses subject matter jurisdiction to consider a case is a question of law that an appellate court reviews de novo. *Andrews v. Richmond Redevelopment & Hous. Auth.*, 292 Va. 79, 85 (2016).

### B. *Subject Matter Jurisdiction*

Daniel contends that the circuit court possessed subject matter jurisdiction and "she should be allowed to file ethical complaints against defendants directly with Louisa County Circuit Court" regardless of whether the alleged unethical conduct took place in a different circuit court. She further argues that because Virginia courts have "the sole authority" to discipline attorneys under Code § 54.1-3915 and Part 6, § IV, Paragraph 13-2 of the Rules of the Supreme Court, limiting the authority of the courts effectively allows the VSB to act as a "kangaroo court" and "impose discipline" on attorneys which is inconsistent with the intent of the General Assembly as expressed in Code § 54.1-3910. We disagree.

Subject matter jurisdiction is "the authority granted through constitution or statute to adjudicate a class of cases or controversies." *See Bd. of Supervisors of Fairfax Cnty. v. Bd. of*

- 4 -

*Zoning Appeals of Fairfax Cnty.*, 271 Va. 336, 344 (2006) (holding that subject matter jurisdiction can be raised at any point during a proceeding, even on appeal). "It is not within the jurisdiction of a circuit court to adjudicate the revocation of a license to practice law except in compliance with statutory authority." *In re Mosely*, 273 Va. 688, 695 (2007). Code § 54.1-3910 states that "[t]he Supreme Court may promulgate rules and regulations organizing and governing the Virginia State Bar. The Virginia State Bar shall act as an administrative agency of the Court for the purpose of investigating and reporting violations of rules and regulations." Further, Code § 54.1-3915 states that:

> Notwithstanding the foregoing provisions of this article, the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; nor shall it promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys. In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

Code § 54.1-3935 further describes the procedure for attorneys who are "the subject of a disciplinary proceeding": "Any attorney who is the subject of a disciplinary proceeding or the Virginia State Bar may elect to terminate the proceeding before the Bar Disciplinary Board or a district committee and demand that further proceedings be conducted by a three-judge circuit court." This is the current form of the provision, which was amended in 2017. The prior version of the statute allowed for "a complaint, verified by affidavit" to be "made by any person" directly to the circuit court, Court of Appeals, or the Supreme Court. The revised version of the statute limits the procedure to any attorney who is subject to disciplinary proceedings and also requires that the process be initiated "before the Bar Disciplinary Board or a district committee." Taken together, Code § 54.1-3915 "signals the right to a judicial adjudication only with respect to '*an attorney* who demands to be tried by a court,' not to a complainant . . . [while] the attorney demanding to be

tried by a court must be *the* attorney who is subject to the Bar disciplinary proceedings initiated under Code § 54.1-3935(A)." *Spanos v. Taylor*, ___ Va. App. ___, ___ (Mar. 7, 2023) (emphases in original). Since Daniel is not the subject of a disciplinary proceeding here but is instead a complainant requesting professional discipline against others, she lacks standing under Code § 54.1-3935 to file her disciplinary complaint directly in any circuit court.

Daniel further contends that Code § 54.1-3915 provides "only the Virginia courts" with jurisdiction over disciplinary matters since the statute limits the ability of the Supreme Court to promulgate rules and procedures that would eliminate jurisdiction from the circuit courts to decide matters of attorney discipline.[2] However, if we were to accept Daniel's contention, it would be nearly impossible for the Supreme Court to articulate any rule or procedure for dealing with attorney discipline complaints. *See Spanos*, ___ Va. App. at ___ ("Code § 54.1-3915 provides checks and balances against rules which ignore or seek to override statutory provisions."). Hence, the reasoning from *Spanos* applies here, and Code § 54.1-3935 is not a "rule or regulation or method of procedure" implemented by "the Supreme Court" under Code § 54.1-3915 attempting to circumvent an attorney's right to be heard in a court. Rather, Code § 54.1-3935 is a procedure implemented by the General Assembly to ensure that attorneys who are "the subject of a disciplinary proceeding" have the procedural means to remove their disciplinary proceeding to a circuit court. *Spanos*, ___ Va. App. at ___. Thus, under Code § 54.1-3915, Daniel is not confronting the potential loss of any of her rights, and we therefore agree with the circuit court's holding that it lacked subject matter jurisdiction.

---

[2] In the *Spanos* case, Spanos similarly challenged this statute, insisting that "Code § 54.1-3915 . . . confers subject-matter jurisdiction to the circuit court to adjudicate his complaint." ___Va. App. at ___. We rejected that assertion as "the statute does not authorize anyone to file an ethics complaint or empower any court to consider one" and instead serves as a limiting principle for "the Supreme Court's rule-making authority." *Id.* at ___.

C. *Judicial Designation*

Initially, Daniel challenges Chief Judge Worrell's authority to designate retired Judge Farris as the presiding judge because Judge Farris was not properly designated as the presiding judge. In support thereof, Daniel contends that pursuant to Code § 17.1-105(B) only the Chief Justice of the Virginia Supreme Court was authorized to designate Judge Farris to preside in this matter. Since the Chief Justice did not designate Judge Farris here, Daniel contends that Judge Farris lacked authority to dismiss the complaint, and therefore the final order is void ab initio. We decline to reach this assignment of error for lack of jurisdiction.[3]

Under Code § 17.1-105 and *Porter v. Commonwealth*, 276 Va. 203, 228-29, 232 (2008), designation matters are not questions of subject matter jurisdiction, thus they are subservient to the greater lack of jurisdiction for the case. Because we must reach decisions on the "best and narrowest grounds available,"[4] we decline to reach the designation question because there was no jurisdiction for the case more broadly, and questions of designation are not jurisdictional under *Porter*. *See* 276 Va. at 234 (rejecting argument that failure to follow the Code § 17.1-105 designation procedure renders court's judgment void).

D. *Motions*

Finally, on July 6, 2022, Robertson (one of the appellees) filed a motion to adopt the briefs of the other appellees, and we grant this motion. On July 13, 2022, Daniel filed "Motion for Sanctions re: False Statements of Facts and Law in Appellees' Briefs & Motion for Mandamus &

---

[3] Daniel acknowledged that there is no evidence in the record here that the other five active judges in the Sixteenth Circuit also recused themselves from presiding in this matter. Since fewer than all the judges within the judicial circuit were recused, the plain language of Code § 17.1-105(B) did not mandate that the Chief Justice of the Virginia Supreme Court designate the presiding judge in this case.

[4] *See Jud. Inquiry and Rev. Comm'n v. Bumgardner*, 293 Va. 588, 605 (2017) (quoting *Alexandria Redevelopment & Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015)).

Injunction & Memorandum of Law & Notice of the Filing of Appellant's Reply Brief." In seeking sanctions against the appellees, Daniel cites to no facts or case law supporting her motion. For this reason, we deny Daniel's July 13, 2022 motion.

### III. CONCLUSION

Based on the foregoing analysis, the judgment of the circuit court is affirmed.

*Affirmed.*